STATE v. HIRAM RIGHTS.

*Larceny—Recent Possession—Judge's Charge.*

1. The finding of stolen goods in possession of the accused a week or two after the theft does not raise a presumption of *law* against him, but is a circumstance for the jury to consider, the rule being that the evidence is stronger or weaker as the possession is more or less recent.

2. Discussion of presumptions on " recent possession " by ASHE, J.

(*State* v. *Johnson*, 1 Winst., 238.; *State* v. *Williams*, 9 Ired., 140, cited and approved.)

INDICTMENT for Larceny tried at Fall Term, 1879, of Forsyth Superior Court, before *Gilmer, J.*

The defendants, Hiram Rights and Nathan Blum, were charged with larceny and receiving, &c., bacon and pork,

the property of William B. Peterson. It was in evidence that on the 6th of February, 1879, the smoke-house of the prosecutor, Peterson, was broken open and three hams and other pieces of meat stolen; and a week afterwards the house of defendant, Blum, was searched under a warrant for that purpose, and a ham found therein which was identified by the prosecutor as his property and one of the pieces of meat stolen from him; and another ham also identified as one of the same was found in the house of one Sally Stockton, who testified on the trial that defendant Rights, who had engaged her to cook for him, brought it to her house on the night before the search. The defendant Blum, who was present when it was found, stated that he had bought the meat from one Apple, but Apple on his examination as a witness testified that he had never sold any meat to Blum. For the purpose of showing that the prosecutor was mistaken as to the time intervening between the theft and the search, a warrant without any return upon it was offered in evidence by defendants, dated February 20th, 1879, and the prosecutor was asked if that was not the date of the search; he replied that it was not, but that the search was made just one week after the theft.

The defendant's counsel requested the court to charge the jury that there was not sufficient evidence to justify them in finding a verdict against the defendant Rights; and also if they believed that two weeks had elapsed after the loss of the property before it was found, the finding it in the defendant's possession was not a circumstance to raise any presumption at all against Rights; and also that there was no evidence whatever on the second count in the bill.

The court charged the jury that the weight of the evidence was for them; that whether they believed the time elapsing between the larceny and the finding was two weeks or just a week, there was no presumption of law against the defendants; that the finding of the stolen goods in their

possession but raised a presumption of fact and was a circumstance for them to consider, the rule being that such presumption was stronger or weaker as the possession was more or less recent, and that the weight of such presumption was for the jury. Upon the second count for receiving the goods, the court charged that the only evidence of the receiving was the finding of the meat in the possession of the defendants. The defendants were found guilty on the first count for larceny. Judgment, appeal by defendants.

*Attorney General*, for the State.
*Mr. J. C. Buxton*, for defendants.

ASHE, J. Larceny is a crime committed in secret, and the state in most cases is necessarily compelled to resort to circumstantial evidence to effect a conviction of the thief. And the possession of the property shortly after the theft is the circumstance most usually relied upon. It is a general rule that whenever the property of one, which has been taken from him without his knowledge or consent, is found in the possession of another, it is encumbent on that other to prove how he came by it, otherwise the presumption is that he came by it feloniously. But in applying this rule, due attention must be paid to the circumstances by which such presumption may be weakened or strengthened, depending on the length of time intervening between the theft and the finding of the goods in the possession of the party accused. 2 Russell on Crimes, 195. Upon an indictment for stealing from a dwelling house, if the defendant were apprehended a few yards from the outer door with the stolen goods in his possession, it would be a violent presumption of his having stolen them. But if they were found in his lodging sometime after the larceny and he refused to account for his possession of them, this, together with proof that they were actually stolen, would not amount to a violent presumption,

but to a probable presumption; and if the property is not found in the possession of the defendant until months after, it is a light presumption and is entitled to no weight. Arch. Cr. Pl., 123. And when the possession is so. soon after the theft as to raise a probable presumption, it is a question to be submitted to the consideration of the jury.

The defendants contend that the lapse of two weeks between the theft and the search when the goods were found, was too long to raise more than a light presumption of their guilt, and His Honor should so have instructed the jury. But we are of a different opinion. In the case of *State* v. *Johnson*, 1 Winst., 238, property proved to have been stolen was found in a house, occupied exclusively by the defendant and his wife, six weeks after the theft; it was held that such possession was evidence tending to prove the defendant's guilt. And in the case of *State* v. *Williams*, 9 Ired., 140, Chief Justice RUFFIN in delivering the opinion of the court said, the possession of a stolen thing is evidence to some extent against the possessor of a taking by him. Ordinarily it is stronger or weaker in proportion to the period intervening between the stealing and the finding in possession of the accused; and after the lapse of a considerable time before a possession is shown in the accused, the *law* does not infer his guilt, but leaves that question to the jury under the consideration of all the circumstances. In that case (*Williams'*)there were twenty days between the loss of the property and the finding it in the possession of the prisoner.

Upon these authorities there was no error in the charge of the court to the jury. It was in full accord with the principles enunciated by them; and His Honor laid down the law with great accuracy and precision. He could not have given the instructions asked for because they were not warranted by the facts of the case.

There is no error. Let this be certified, &c.

PER CURIAM. No error.