STATE v. MARY McRAE.

*Indictment for Larceny—Evidence—Recent Possession of Stolen Property—Instructions to Jury.*

1. An instruction that, if the stolen coin was sent by the defendant two days after the theft to a bank where it was found and identified by the owner, the law presumed defendant to be the thief and the jury should convict, unless defendant should satisfactorily explain the possession, was erroneous.

2. The presumption of guilt that the law raises from recent possession of stolen property, is strong, slight or weak, according to the particular facts surrounding a given case.

INDICTMENT for larceny, tried before *Norwood, J.*, at Spring Term, 1897, of UNION Superior Court.   The de-fendant was convicted and appealed.

*Mr. Attorney-General Zeb V. Walser*, for the State.
*Messrs. Covington & Redwine*, for defendant (appellant).

FAIRCLOTH, C. J.: The defendant stands indicted for stealing $30 in money, and the case shows that it was a twenty dollar gold coin, the property of Edwin Eubanks. There was no direct evidence, and the State relies on the proof of recent possession.   Many attempts have been made to tell what constitutes recent possession, such as "soon after," "shortly after," "so soon after the theft as to raise a presumption of guilt" and the like; and then presumptions are held to be strong, slight or weak, &c., and each case is at last disposed of on its particular facts.

We have no disposition to try to add to the list of what constitutes *recent possession*.   Some of them will be found in *State* v. *Jones*, 20 N. C., 122; *State* v. *Turner*, 65 N. C., 592; *State* v. *Graves*, 72 N. C., 482; *State* v. *Wilson*, 76 N. C., 120; *State* v. *Patterson*, 78 N. C., 470; *State* v. *Smith*, 24 N. C., 402; *State* v. *Rights*, 82 N. C., 675; *State* v. *Rice*, 83 N. C., 661; *State* v. *Jennett*, 88 N. C., 665.

*Evidence:* Eubanks, the prosecutor, testified that he was a postal route agent from Monroe to Atlanta, Ga.   That on January 21st, 1897, at 11 o'clock A. M., he had the coin in his pocket at the post-office in Munroe, when he went to his room at Mr. Courtney's and went to bed, slept till dark, dressed and went to a restaurant and stayed about depot till 9 o'clock P. M., when he took the train for Atlanta, where he arrived next morning, *when* he missed his gold coin.   That the defendant cooked for

120—77

Courtney, but he did not see her there on the said 21st.; that he found and identified his coin by some private mark on the 25th of January, 1897, in the People's Bank at Munroe.

Wolfe, the cashier, testified that on the 22nd or 23rd of January, a boy, Jack Cohen, brought a $20 gold coin to the bank and got change for it; that he put the coin away among similar moneys and he could not say that it was the one identified by Eubanks.

Jack Cohen testified that on the 23rd of January the defendant gave him a $20 gold coin and asked him to get it changed and said she got it from James Davis, a fireman on the railroad. He gave her the change. He said James Davis was on his run and was not at the trial. Defendant offered no evidence. His Honor charged the jury: "If the State has satisfied you beyond a reasonable doubt that the twenty dollar gold piece of the witness, Eubanks, was stolen on the 21st of January, 1897; that the coin found and identified by him in the bank was his; that the coin carried by the witness, Cohen, to the bank on the 23rd of January, 1897, was the coin belonging to Eubanks; and that the witness, Cohen, got said coin from the defendant on that day, then the burden shifts and the defendant is presumed in law to be the thief, and unless she satisfactorily explains her possession of the coin it is your duty to convict." Defendant excepted and appealed.

We think, upon this evidence, taken as true, his Honor committed error in holding as a legal conclusion that the defendant was guilty.

In all cases, civil or criminal, presumptive evidence is admissible, but in the latter cases such evidence is admitted only so far as it has a natural tendency to produce belief under the circumstances in the case. Experience, habits of society and natural reasoning are to be considered, and

such presumption as those matters raise must manifest that the stolen goods have come to the possessor by his or her own act or concurrence. The case of Scipio Smith, 24 N. C., 402, very well illustrates. The tobacco was stolen on Friday night and found in the defendant's possession next day. The judge told the jury that that was a case of "strong presumption of guilt," and this court held that charge to be error. The character and quality of the stolen property are matters proper for the jury to consider and should be so presented to them. Money, as a medium in trade, passes rapidly and frequently from hand to hand, and no one doubts the ownership of the possessor unless some peculiar circumstance is present, as is illustrated here by the action of the cashier. How it would be if it was a personal chattel, as an ox or wagon, would naturally, in the course of common experience, present itself to the mind of a juror, and such matters are proper to be called to his attention. Without any opinion on the question of guilt, we can see how current money may pass several hands in two or three days, without any knowledge or concurrence on the part of the final possessor of the original taking. These are matters to be submitted to the jury as *evidence* with all attending circumstances, but the law will not give them an *artificial* operation, and as a legal conclusion pronounce the defendant guilty. The defendant is presumed to be innocent, and that presumption must be overcome and the jury reasonably satisfied of the guilt of the accused. These and other principles must be explained to the jury and let them intelligently consider of their verdict.

From the record before us it does not appear that they were so explained.

Error.