STATE v. J. B. ANDERSON.

(Filed 19 February, 1913.)

1. **Evidence—Recent Possession—Presumptions.**

Where unexplained possession of stolen property is so recent as to make it extremely probable that the holder is the thief, there is a presumption of guilt justifying and perhaps requiring a conviction.

2. **Same—Explanation.**

Where the evidence fixes the possession of a stolen cow on the defendant thirty days prior to arrest, and there is evidence on behalf of defendant, explaining this possession, that he ran a freight boat and was in the habit of buying cattle or transporting them for sale in the open market, and could not explain from whom he had received the cow in question, on that account the possession of the cow should be considered only a relevant circumstance tending to show guilt, and in connection with the other circumstances is sufficient to justify a conviction, if in the opinion of the jury they establish such guilt beyond a reasonable doubt.

S. *v.* ANDERSON.

3. Same—Presumption of Fact.

The presumption of guilt arising from recent possession is one
of fact, and not a presumption of law, in the strict sense of the
term, and does not exclude all evidence to the contrary.

4. Same—Burden of Proof—Reasonable Doubt.

Where the evidence affords reasonable explanation of recent
possession of stolen property, consistent with the defendant's
innocence, and which, if accepted, explains it satisfactorily,
the rule does not require the defendant to satisfy the jury that
his evidence in explanation is true; and he is entitled to an in-
struction that if the testimony offered in explanation raises a
reasonable doubt of guilt, he is entitled to acquittal.

APPEAL from *Lane, J.,* at Fall Term, 1912, of HYDE.

Indictment for larceny. Among other things, the court
charged the jury as follows: "The law is that whenever a per-
son is found in possession of property which has been stolen
and recently after the theft, the law presumes that the person
so found in possession is the one who has stolen the property,
and this presumption is strong or weak according to the length
of time which has passed between the time of the stealing and
the time the said property is found in his possession, and the
burden then shifts to the person so found in possession to show,
not beyond a reasonable doubt, but to the satisfaction of the
jury, that he came by the property in a lawful manner, and
thus rebut such presumption."

Defendant excepted. Verdict of guilty. Judgment on the
verdict, and defendant excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General
Calvert for State.*

*Ward & Grimes for defendant.*

HOKE, J. There was evidence on the part of the State tend-
ing to show that the prosecutor, a resident of Hyde County, at
or in said county had, within the past three months before the
trial, lost several cattle by theft, an ox and six cows. About
thirty days before the trial he had found the hide of one of the
cows, recently killed and well identified, in possession of a
dealer in Washington, N. C., and this hide had just been bought

S. *v.* ANDERSON.

from A. A. Nichols, a butcher in Washington. There was other testimony tending to show a theft of the cattle. Said A. A. Nichols, for the State, among other things, testified as follows: "I know Anderson, who was in command of the boat and had several men with him. I bought some cattle from Anderson in October. I buy cattle frequently from boat captains. A low colored man came to me and asked me if I had bought any cattle from Anderson; I told him yes. I sold the hides to Mr. Hudson and Mr. Cutler. I bought an old cow from Anderson; she was poor and I turned her out to fatten. I bought six or eight with that lot. I am not sure of the exact number. I kept her a month before I killed her. Anderson runs a boat regularly from Hyde County to Washington, and carries freight for the public for a toll. Boats go to Washington frequently with cattle and the captains of the boats sell them. Anderson sold these cattle in the open market, as is the custom with all boatmen who ship cattle. It has been about a month since I killed this cow. I bought her about two months ago and kept her about a month before killing." (Hide shown to witness at this point, and witness identified it as the hide of the cow last above referred to. Witness further stated he was able to do this positively by reason of the location and character of the bullet wound, as he killed the cow himself.)

The defendant, a witness in his own behalf, testified as follows: "I am the defendant; born and raised in Hyde County. I run a freight boat from Hyde County to Washington; live at Sladesville. I carry freight to Washington for public generally. I have been at it for four years. I carry a great many cattle to Washington. I may have carried the one from which the hide here shown was taken, and may have sold it to Mr. Nichols. Have never stolen any cattle nor received any on my boat, knowing they were stolen. I have no means of telling where I got this particular cow. I cannot tell the date she was shipped. I carry cattle for the public and sell them as other boatmen do, in the open market, and carry the owner his money. Both of the other defendants were working for me on my boat the week before and the week of the Assembly. I carried cat-

tle then for a number of persons (naming them), but I do not know for whom I carried this particular cow."

Upon this, the testimony chiefly relevant to the question presented, we do not think the court laid down the correct rule to guide the jury in their deliberations. Where a theft is established, the recent possession of the stolen property is very generally considered a relevant circumstance tending to establish guilt, and when the possession is so recent as to make it extremely probable that the holder is the thief, "that is, where in the absence of explanation he could not have reasonably gotten possession unless he had stolen them himself," there is a presumption of guilt justifying and, in the absence of such explanation, perhaps requiring a conviction; but on the facts in evidence no such presumption should obtain in this case. While the testimony does not fix the time with any great definiteness, there was, as we understand it, not less than thirty days from the loss of the cow till possession was shown to be in defendant, and this lapse of time, together with the denial of defendant and the facts and conditions under which the cow was carried to Washington and sold in open market, are such as to exclude the application of the principle, and require that the possession of the cow should be considered only a relevant circumstance tending to show guilt and in connection with other circumstances sufficient to justify a conviction, if in the opinion of the jury they establish such guilt beyond a reasonable doubt.

Again, while the recent possession of stolen goods may be of such a character as to raise a presumption of guilt on the part of the holder, in some of the cases expressed by the phrase, "The law presumes such holder to be the thief," by correct interpretation it is never a presumption of law in the strict sense of the term, shutting out all evidence to the contrary, but it is always a presumption of fact open to explanation, and when there are facts in evidence which would afford reasonable explanation of such possession, consistent with defendant's innocence, and which, if accepted, do explain it satisfactorily, the correct rule does not require the defendant to satisfy the jury

S. v. McADEN.

that his evidence in explanation is true.   But in such case, stating the law as to the presumption arising from recent possession, the court should tell the jury that if the testimony offered in explanation raises a reasonable doubt of guilt defendant is entitled to acquittal.

These views are in accord, we think, with the better considered cases here and elsewhere as applicable to the facts presented in the record.   *S. v. Neville,* 157 N. C., 591; *S. v. Record,* 151 N. C., 696; *S. v. Hullen,* 133 N. C., 656; *S. v. McRae,* 120 N. C., 608; *S. v. Rights,* 82 N. C., 675; *S. v. Smith,* 24 N. C., 402; I McClean Criminal Law, sec. 617.

For the error indicated, we are of opinion that defendant is entitled to have his cause heard before another jury, and it is so ordered.

New trial.