### STATE v. JAMES WILLIAMS.

(Filed 2 April, 1924.)

**Evidence—Criminal Law—Demurrer—Motion to Dismiss—Statutes—Appeal and Error.**

Evidence that a cotton mill had been broken into and that goods taken therefrom had been found in defendant's possession within an hour or two thereafter, with further evidence of his unlawful possession, is sufficient for conviction, under the provisions of C. S., 4235, and defendant's demurrer to the State's evidence, or motion for dismissal thereon, is properly overruled. C. S., 4643.

APPEAL by defendant from *Devin, J.,* at October Term, 1923, of DURHAM.

Criminal prosecution tried upon an indictment charging the defendant with the felonious breaking and entering of the Marion Cotton Mills, located in the city of Durham, with the intent, then and there, feloniously to steal, take and carry away certain goods and chattels, in violation of the provisions of C. S., 4235. There was no count in the bill charging the defendant with receiving stolen goods, knowing them to have been feloniously stolen or taken, in violation of the provisions of C. S., 4250.

From an adverse verdict and judgment pronounced thereon, the defendant appeals.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. W. Barbee for defendant.*

STACY, J. The only exception presented on the record is the one directed to the failure or refusal of the trial court to grant the defendant's motion for dismissal of the action or for judgment as of nonsuit, made under C. S., 4643, after the State had produced its evidence and rested its case. There was no testimony offered by the defendant.

The defendant was found in possession of some of the stolen goods within a very short time—one or two hours—after the mill had been entered and the goods feloniously taken therefrom. This was some evidence tending to connect the defendant with the offense and from which the jury was warranted in concluding that he had participated therein as one of the principals. *S. v. Hullen,* 133 N. C., 656; *S. v. McRae,* 120 N. C., 608. True there was other evidence, offered by the State, tending to show that Marvin Barbee and Lonnie Page actually broke into the building and feloniously carried the goods away, while, so far as the witnesses knew, the defendant was not present and

in no way aided and abetted Barbee and Page in the commission of the crime. But it was also in evidence that Barbee and Page gave the defendant, James Williams, a portion of the stolen goods in order to keep him from telling on them as he, the defendant, said "he knew where they got it."

Viewing the evidence in the light most favorable to the State, the accepted position on a motion of this kind (*S. v. Rountree,* 181 N. C., 535), we think the trial court was justified in submitting the case to the jury and that the verdict is fully warranted by the testimony. There is no exception to the charge. The demurrer to the evidence, or motion for dismissal, was properly overruled.

No error.