## STATE v. GEORGE WHITE.

(Filed 12 September, 1928.)

**Burglary—Prosecution—Evidence Sufficient to Overrule Nonsuit—Presumptions.**

Whether recent possession of stolen goods is sufficient in point of time to raise the presumption of guilt is ordinarily one of fact for the jury, and where the evidence tends to show that the owner had placed a watch and some money on a table in his room on retiring to bed a certain night and that the next morning they were gone, with further evidence that the room had been broken into and the articles thus taken: *Held*, the possession of the watch by the defendant some two weeks later and his conflicting and incomplete statements as to how he obtained possession is sufficient evidence of burglary to raise a question for the jury and resist a motion as of nonsuit.

CRIMINAL ACTION tried before *Barnhill, J.*, at March Term, 1928, of PASQUOTANK.

The defendant was indicted for burglary. The evidence tended to show that C. F. Graves returned to his home on the night of 18 October, 1927. Upon retiring he took his watch and about twenty dollars in money and laid it on a table in his room. Upon arising next morning he discovered that the watch and money had disappeared. The bathroom had a door that opened out on the back steps, running down the back porch. The door of the bathroom was found unfastened. On

1—196

24 February, 1928, the defendant was arrested for peeping into the windows of a residence in Elizabeth City. When taken to prison he was searched and the watch of the prosecutor was found in his possession. "At first defendant refused to tell where he got the watch, but later the defendant said from one 'Jess,' who was one of the men working on the new hotel, but he refused to give the last name of 'Jess,' stating that witness could not make defendant tell the last name of 'Jess.' That he obtained it from him in a trade, giving another watch and three dollars difference." Another witness for the State testified that the defendant first told him that he got the watch from a girl, but would not give her name. The defendant denied that he had ever been in the house of the prosecutor or that he had taken the watch or money, testifying further that he secured the watch from a colored man by the name of Jess by exchanging therefor a watch he owned and paying three dollars difference; that he had worn the watch, since he procured it, openly and at all times. The grandfather of defendant testified that the defendant showed the watch to him around the first of November, 1927. The mother of defendant testified that the defendant showed the watch to her before he showed it to his grandfather.

The defendant lodged a motion of nonsuit at the close of the State's evidence and renewed the same at the close of all the evidence. There was a verdict of guilty of burglary in the second degree and of larceny. From the sentence of the court, to imprisonment for not less than three nor more than five years, the defendant appealed, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Aydlett & Simpson for defendant.*

BROGDEN, J. The decisive point in the case is whether or not the evidence viewed in a light most favorable to the State was sufficient to have been submitted to the jury.

The evidence produced by the State disclosed that the theft was committed on the night of 18 October, 1927. It appeared from evidence offered by the defendant that the stolen watch was in his possession prior to 1 November, 1927, or within a period of two weeks. The defendant made contradictory statements with respect to the person from whom the watch was procured, stating to one witness that he secured it from a girl, and to another witness that he had purchased it from an unidentified man named "Jess," whose full name the defendant declined to disclose.

In some of the earlier cases it was held for law that the personal possession of stolen property raised violent, probable or rash presump-

tions, depending upon the length of time elapsing from the theft to the discovery of possession by the accused. *S. v. Jennett,* 88 N. C., 666; *S. v. McRae,* 120 N. C., 609, 27 S. E., 78.

The case of *S. v. Hullen,* 133 N. C., 656, 45 S. E., 513, discloses a fact situation almost identical with the case at bar. Hullen was indicted for breaking into a house in the daytime and stealing a watch. The law was thus declared: "It is not necessary that we should here draw any nice distinctions concerning the presumptions of guilt based on recent possession as being strong, probable or weak, because the court in its charge, to which there was no exception, instructed the jury that the recent possession of the defendant was only a circumstance to be weighed by them in passing upon his guilt, and this charge is sustained, we believe, by all the authorities. If recent possession of the stolen goods is evidence that defendant committed the larceny, it must also of necessity be evidence of the fact that the defendant broke and entered the house, because it is evident that the larceny was committed in the house by the person who broke and entered it, and there is no evidence that it was committed in any other way."

Again, in *S. v. Anderson,* 162 N. C., 571, 77 S. E., 238, *Hoke, J.,* wrote: "Where a theft is established, the recent possession of the stolen property is very generally considered a relevant circumstance tending to establish guilt, and when the possession is so recent as to make it extremely probable that the holder is the thief, 'that is, where in the absence of explanation he could not have reasonably gotten possession unless he had stolen them himself,' there is a presumption of guilt justifying and, in the absence of such explanation, perhaps requiring a conviction." *S. v. Rights,* 82 N. C., 675; *S. v. Record,* 151 N. C., 695, 65 S. E., 1010; *S. v. Ford,* 175 N. C., 797, 95 S. E., 154.

There is no hard and fast definition of the term "recent possession," but the trend of the decisions is to the effect that the time that must elapse after the theft of goods before their possession by the accused, should cease to be considered as tending to show guilt, is ordinarily a question of fact for the jury. Thus in *S. v. Reagan,* 185 N. C., 710, 117 S. E., 1, it was held: "The clause, 'The law presumes the holder to be the thief,' is not interpreted as a presumption of law in the strict sense of the term, but only as a presumption of fact which is open to explanation. The defendant testified by way of explanation that his coat had been stolen, but this circumstance did not impair the right of the State to have the jury pass upon the question of the defendant's recent possession, or of any presumption of fact arising therefrom." *S. v. McRae,* 120 N. C., 608, 27 S. E., 78.

The charge of the trial judge was fully in accord with the authorities and the judgment of the court must stand.

No error.