STATE v. JAMES WILLIAMS.

(Filed 26 March, 1941.)

**1. Larceny § 7—Evidence of defendant's guilt of larceny held sufficient.**

Evidence that sacks of cotton seed disappeared from the ginhouse of the prosecuting witness from time to time for a period of several weeks, that during this period defendant from time to time sold sacks of cotton seed to a third person, and that the prosecuting witness identified four of the sacks of cotton seed which defendant had sold as belonging to him, *is held* sufficient to be submitted to the jury on the question of defendant's guilt of larceny.

**2. Larceny § 5—**

Recent possession of stolen property raises a presumption of the possessor's guilt of larceny of such property, the strength of the presumption depending upon the circumstances of the case and the length of time intervening between the larceny of the goods and their discovery in the possession of the defendant.

**3. Larceny § 8—**

The evidence tended to show the larceny of sacks of cotton seed from the ginhouse of the prosecuting witness over a period of several weeks. *Held:* Inexactness or want of definiteness in the instruction of the court as to the dates the sacks were stolen does not entitle defendant to a new trial, the exact dates not being regarded as capitally important.

**4. Same—**

In a prosecution for larceny, an exception to the court's instruction to find the defendant guilty if the jury was satisfied beyond a reasonable doubt that defendant had taken or stolen the articles in question, on the ground that the court failed to define "taken and stolen," is untenable when the record discloses that the court had previously charged the jury the constituent elements of larceny.

**5. Criminal Law § 53h—**

The charge is to be considered contextually.

APPEAL by defendant from *Burgwyn, Special Judge,* at January Term, 1941, of HARNETT.

Criminal prosecution tried upon indictment charging the defendant, in three counts, (1) with breaking and entering a ginhouse, (2) with the larceny of 84 bushels of cotton seed, of the value of thirty dollars, the property of one Henry Elliott, and (3) with receiving said cotton seed, knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

It is in evidence that Henry Elliott had a quantity of cotton seed in sacks stored in his ginhouse. The sacks were fastened or tied with wires. They began to disappear on 23 November, 1940, and continued to disappear from time to time until 13 December, 1940, when all were gone.

On the morning of 16 December, 1940, Elliott saw four sacks of seed which had been taken from his gin at Casper Tart's gin. Tart testified that he purchased the sacks full of seed from the defendant. He also testified that he had bought cotton seed from the defendant on several occasions during the time Elliott's sacks were disappearing. Checks showing payments to Williams by Tart covering these purchases were offered in evidence, and endorsements by Williams duly identified.

The defendant interposed a demurrer to the evidence, which was overruled. Exception. The case was thereupon submitted to the jury on the State's evidence, the defendant offering none.

Verdict: "Guilty of larceny of goods of the value of less than twenty dollars."

Judgment: Nine months on the roads.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Neill McK. Salmon for defendant.*

STACY, C. J.   The record discloses that Elliott's cotton seed began to disappear from his ginhouse on 23 November and continued to disappear from time to time for several weeks thereafter.   Tart made a number of purchases of cotton seed from the defendant during this period. Elliott identified four of the sacks of seed which the defendant sold to Tart as belonging to him.   This is some evidence tending to connect the defendant with the theft and permitting the inference that he participated therein as a principal.   *S. v. Williams,* 187 N. C., 492, 122 S. E., 13 ; *S. v. Hullen,* 133 N. C., 656, 45 S. E., 513; *S. v. McRae,* 120 N. C., 608, 27 S. E., 78.

It is very generally held that the recent possession of stolen property is a circumstance tending to show the larceny thereof by the possessor (*S. v. Best,* 202 N. C., 9, 161 S. E., 535), or that it raises a presumption of fact (*S. v. Anderson,* 162 N. C., 571, 77 S. E., 238), or a presumption of law (*S. v. Graves,* 72 N. C., 482) of such guilt.   *S. v. Jones,* 20 N. C., 120 ; *S. v. Turner,* 65 N. C., 592 ; *S. v. Patterson,* 78 N. C., 470 ; *S. v. Rights,* 82 N. C., 675.   The case put by Hale, where a horse thief was pursued, finding himself pressed, got down, desiring a man in the road to hold his horse till he returned, and the innocent man was taken with the horse, illustrates the necessity of using caution in convictions founded on presumptive evidence.   *S. v. Adams,* 2 N. C., 463.   See *S. v. Cannon,* 218 N. C., 466.   This was explained to the jury, the court stating that the strength of the presumption would depend upon the circumstances of the case and the length of time intervening between the larceny of the goods and their discovery in the possession of the defendant.   "Ordinarily, it is stronger or weaker in proportion to the period intervening between the stealing and the finding in possession of the accused ; and after the lapse of a considerable time before a possession is shown in the accused, the *law* does not infer his guilt, but leaves that question to the jury under the consideration of all the circumstances"— *Ashe, J.,* in *S. v. Rights, supra.*

The following excerpt from the charge also forms the basis of one of defendant's exceptive assignments of error : "If you are satisfied from the testimony and beyond a reasonable doubt that the seed found by Elliott in the possession of Tart were in fact the seed of Elliott, and that they were taken and stolen by the defendant from his gin on or about the 12th or 10th day of December, whichever date it was, it would become your duty to find the defendant guilty."

The defendant objects to this instruction on the ground (1) that the dates specified therein are not supported by the evidence, and (2) that it fails to define what is meant by "taken and stolen." The exact dates are not regarded as capitally important, *S. v. Overcash,* 182 N. C., 889, 109 S. E., 626; *S. v. Pate,* 121 N. C., 659, 28 S. E., 354; and the court had previously given the jury the constituent elements of larceny. *S. v. Martin,* 82 N. C., 672. The charge is to be considered contextually. *S. v. Lee,* 192 N. C., 225, 134 S. E., 458. The exception is not sustained.

The trial of the case is apparently accordant with the decisions on the subject. No sufficient reason has been discovered for disturbing the result. Hence, the verdict and judgment will be upheld.

No error.