STATE v. ZENO HARDEN ABSHER, JUSTICE ODELL RICHARDSON, ARL BLAINE COCKERHAM AND BRUCE JOINES.

(Filed 21 September, 1949.)

**1. Criminal Law §§ 34g, 53c—**

Evidence of acts done by the defendants tending to show an unlawful conspiracy between them which culminated in the commission of the crime charged in the bill of indictment is competent notwithstanding the bill of indictment does not charge conspiracy, and the court properly charges the law of criminal conspiracy when warranted by such evidence.

**2. Criminal Law § 52a (3): Larceny § 7—**

Circumstantial evidence tending to show an unlawful conspiracy between the defendants to steal an automobile and steps taken by them after the car was stolen to conceal its identity by putting the body on the chassis of another vehicle bought by one of defendants, and registering the reassembled automobile in another state, *is held* sufficient to overrule defendants' motion to nonsuit in a prosecution for larceny.

**3. Larceny § 5—**

The finding of stolen property in defendants' possession some three months after it was stolen, under the circumstances of this case, *is held* too remote to raise a presumption of guilt of larceny, and the court's charge thereon *is held* for error upon exception.

APPEAL by defendants Absher and Joines from *Sink, J.,* at April-May Term, 1949, of SURRY. New trial.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Trivette, Holshouser & Mitchell for defendants, appellants.*

DEVIN, J. The defendants were charged in the bill with the larceny of an automobile, the property of Troy Martin, and in a second count with receiving the stolen property knowing it to have been stolen. There was verdict of guilty on both counts as to defendants Absher and Joines. The other defendants named in the bill were not convicted. From judgment imposing prison sentence the defendants Absher and Joines appealed.

The defendants assign error in the denial of their motion for judgment of nonsuit, but we think the evidence produced by the State was sufficient to carry the case to the jury.

The State's evidence tended to show that on 8 March, 1948, witness Martin's 1947 Model Ford DeLuxe Sedan was stolen in Elkin in Surry County. Three months later, on 7 June, 1948, in North Wilkesboro in the adjoining County of Wilkes defendant Absher was found in posses-

sion of an automobile, the body of which was identified as having originally been a part of the automobile stolen from Martin, but the chassis and motor had belonged to a different vehicle. Defendant Absher produced a temporary registration card for this automobile, issued by the Motor Vehicle Department of Virginia, in name of Harden Absher, Galax, Virginia, dated 31 March, 1948. The officer testified Absher stated that while he was in Galax he bought this automobile from Joines, who was a stranger to him, and that he made application for title in Virginia. The State then offered evidence that in February, 1948, defendant Joines had purchased from the Ford automobile dealer in Elkin a 1947 Model Ford DeLuxe Sedan which had been wrecked. The top had been crushed in and a fender was off. Joines paid $450 for the chassis, motor, and remainder of the body. The motor number, or chassis serial number, of the car bought by Joines was the same as that found on the automobile in North Wilkesboro in possession of Absher. Both defendants are residents of Wilkes County, and when arrested were found in bed together in a place in that county. Joines stated to the officer he had known Absher two or three years. The defendants offered no evidence.

The court permitted the jury to consider this evidence as tending to show an unlawful conspiracy between those two defendants to steal Martin's automobile, disassemble it, and replace a part of it on a chassis of the same model which one of them had previously bought, and to register the reassembled automobile in Virginia so as to conceal its identity and enable them fraudulently to appropriate the property of the State's witness. Defendants' exception to the court's instruction to the jury on this phase is without substantial merit. It was not necessary, in order to submit to the jury the law as to criminal conspiracy, that the bill specifically charge conspiracy, if the evidence was sufficient to warrant this view. *S. v. Triplett,* 211 N.C. 105, 189 S.E. 123.

Considering the evidence offered in the light most favorable for the State, we think there were inferences legitimately deducible therefrom pointing to an unlawful agreement and plan on the part of these defendants, entered into and carried through, in the promotion of a common design and purpose, unlawfully to appropriate and possess this property as alleged in the bill of indictment. The evidence seems to tell a fairly connected story, and we conclude it was of sufficient probative force to withstand defendants' demurrer.

However, we think there was error in the court's charge to the jury in permitting them to take into consideration, in arriving at their verdict, inferences of guilt of larceny arising from the possession of the stolen property. After stating to the jury the general principle of law that when an article of personal property has been stolen and shortly thereafter is found in the possession of a person such person is presumed to be

the thief, the court charged, "Under this principle of law the State contends and insists that within a reasonable time the car, or part of the car, allegedly stolen from Martin, was found in possession of Absher in North Wilkesboro . . . that when you consider that, with all other testimony, the State insists you should conclude to a moral certainty that the entire transaction arose out of criminal conspiracy, and that your verdict should be guilty as charged in the bill of indictment."

In so charging we think the court inadvertently submitted to the jury a point of view more favorable to the State than the facts warranted. The jurors were permitted to consider the circumstances of this case in the light of the doctrine of the recent possession of stolen goods as creating an inference or presumption of guilt, and, under that principle of law, to give added weight to the evidence of the possession of the stolen property in North Wilkesboro, as ground for rendering verdict of guilty, when according to the evidence three months had elapsed from the time of the larceny of the automobile to the time a part of it was found in possession of the defendant in North Wilkesboro. Under the circumstances here this would not warrant submitting this principle to the jury as the basis for a verdict of guilty as charged in the bill. *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725; *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920; *S. v. Jones,* 227 N.C. 47, 40 S.E. 2d 458.

We think this instruction must be held for error, and the defendants Absher and Joines entitled to a new trial, and it is so ordered.

New trial.