STATE v. ALDON MATHEAY.

(Filed 4 June, 1954.)

1. **Larceny § 7—**

　　Evidence tending to show that an automobile was stolen from where it was parked in front of the owner's house, that some 82 days thereafter defendant was apprehended driving an automobile of the same make and color and the same motor registration number, but with license plates that had been issued for a different vehicle, *is held* sufficient to be submitted to the jury in a prosecution for larceny.

2. **Larceny §§ 5, 8—Possession raises no presumption of guilt if time intervening after theft is too long.**

　　The State's evidence tended to show the theft of a car from its owner and that defendant was apprehended some 82 days thereafter in possession of the car. The State offered no evidence tending to show how long defendant had been in possession of the car prior to his arrest. *Held:* The elapse of time between the theft and the arrest of defendant was too long under the circumstances for the mere possession of the property to infer guilt of defendant, but was only a circumstance, without presumptive significance, to be considered by the jury with the other facts and circumstances in determining whether the State had carried the burden of satisfying the jury beyond a reasonable doubt of defendant's guilt, and an instruction on such evidence as to the presumption of guilt arising from "recent possession" is prejudicial.

APPEAL by defendant from *Nimocks, J.,* February Criminal Term, 1954, of DURHAM.

Criminal prosecution tried upon a bill of indictment charging the defendant with the larceny in Durham County, on 20 October, 1953, of a 1953 Ford Deluxe automobile of the value of $2,200, the property of one David E. Womble.

The State's evidence tends to show the following: On 20 October, 1953, David E. Womble was the owner of a 1953 Ford Deluxe automobile, royal blue in color, with two doors, which had a reasonable market value of $1,845, having been purchased about six months prior thereto at a cost of $2,200. On the night of 19 October, 1953, Womble's wife parked the car in front of their home on Shenandoah Avenue in the City of Durham. At five o'clock the next morning, David E. Womble missed the car. He testified that no one except his wife and himself had the authority to drive the car and that he had not given the defendant or any other person the right to remove the car from the place where it was parked on the night preceding the discovery of its loss.

The registration certificate was introduced in evidence showing the ownership of the car in David E. Womble of 2517 Shenandoah Avenue, Durham, North Carolina, and the registration number as B3NG-121392.

On 9 January, 1954, H. W. Pridgen, a State Highway Patrolman, arrested the defendant approximately eight miles west of New Bern, North Carolina, on U. S. Highway No. 70, about 2 :15 p.m., driving a blue two-door Ford Deluxe automobile later identified as the car of David E. Womble which had been stolen on 19 or 20 October, 1953. The license plate on the car at the time of defendant's arrest had been issued for a 1948 Ford automobile and not for the car of David E. Womble to which it was attached.

The defendant offered no evidence and the jury returned a verdict of guilty, and from the judgment imposed the defendant appeals, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Love, and William P. Mayo, Member of Staff, for the State.*
*Taylor & Mitchell for defendant, appellant.*

DENNY, J.  The defendant assigns as error the denial of his motion for judgment as of nonsuit, but we think the evidence produced by the State was sufficient to carry the case to the jury.

The defendant's assignment of error, however, based on exceptions to those portions of the charge which deal with the presumption of guilt arising from "recent possession," must be sustained.

The parts of the charge complained of were taken almost verbatim from charges which this Court approved in the cases of *S. v. White,* 196 N.C. 1, 144 S.E. 299, and *S. v. Baker,* 213 N.C. 524, 196 S.E. 829. But the facts with respect to "recent possession" in those cases were substantially different from those in the present case. In the *White case,* a watch was stolen in Pasquotank County from the bedroom of the prosecuting witness on the night of 18 October, 1927. On 24 February, 1928, the defendant was arrested for peeping into the windows of a residence in Elizabeth City. When taken to prison he was searched and the watch of the prosecuting witness was found in his possession. The State offered evidence to the effect that the watch was in the possession of the defendant prior to 1 November, 1927. In the *Baker case,* the defendant was charged with the larceny of a cow. The cow was stolen in Edgecombe County on the night of 28 October, 1937, and found in the possession of the defendant in Wayne County on 3 November, 1937. The defendant testified that he bought the cow from the truck of an unknown man just outside of Smithfield in Johnston County on 1 November, 1937.

In the present case, the automobile of David E. Womble was stolen in Durham on the night of 19 October, 1953, and found 82 days later, on 9 January, 1954, in possession of the defendant, near New Bern, North Carolina. However, the State offered no evidence tending to show how

long the defendant had been in possession of the stolen property prior to his arrest, as it did in the case of *S. v. White, supra.* Also, the defendant in *S. v. Baker, supra,* had possession of the stolen cow so soon after it was stolen that the possession gave rise to a presumption of guilt. But, under our decisions, the time that elapsed in this case between the theft and the arrest of the defendant was too long under the circumstances revealed on the record for the mere possession of the property to infer guilt on the part of the defendant or to create a presumption thereof. *S. v. Absher,* 230 N.C. 598, 54 S.E. 2d 922; *S. v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725; *S. v. Rights,* 82 N.C. 675.

In the last cited case, the Court said: "It is a general rule that whenever the property of one, which has been taken from him without his knowledge or consent, is found in the possession of another, it is incumbent on that other to prove how he came by it, otherwise the presumption is that he came by it feloniously. But in applying this rule due attention must be paid to the circumstances by which such presumption may be weakened or strengthened, depending on the length of time intervening between the theft and the finding of the goods in the possession of the party accused. . . . Ordinarily it is stronger or weaker in proportion to the period intervening between the stealing and the finding in possession of the accused; and after the lapse of a considerable time before a possession is shown in the accused, the *law* does not infer his guilt, but leaves that question to the jury under the consideration of all the circumstances."

In applying our decisions to the facts in this case, in our opinion, the possession of the car in question, in the absence of evidence as to when or under what circumstances the defendant came into possession of it, is only a circumstance, without presumptive significance, to be considered with the other facts and circumstances by the jury in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. *S. v. Absher, supra; S. v. Holbrook, supra; S. v. McFalls,* 221 N.C. 22, 18 S.E. 2d 700; *S. v. Lippard,* 183 N.C. 786, 111 S.E. 722; *S. v. Anderson,* 162 N.C. 571, 77 S.E. 238; *S. v. Rights, supra.*

In the case of *S. v. Absher, supra,* an automobile was stolen in Elkin in Surry County on 8 March, 1948. Three months later, on 7 June, 1948, in North Wilkesboro, in the adjoining County of Wilkes, the defendant Absher was found in the possession of an automobile, the body of which was identified as having originally been a part of the automobile stolen in Surry County on 8 March, 1948, but the chassis and motor had belonged to a different vehicle. On appeal to this Court, we held there was error in the court's charge to the jury in permitting it to take into consideration, in arriving at its verdict, inferences of guilt arising from the

possession of the stolen property. *Devin, J.*, (later *Chief Justice*), speaking for the Court, said : "In so charging we think the court inadvertently submitted to the jury a point of view more favorable to the State than the facts warranted. The jurors were permitted to consider the circumstances of this case in the light of the doctrine of the recent possession of stolen goods as creating an inference or presumption of guilt, and, under the principle of law, to give added weight to the evidence of the possession of the stolen property in North Wilkesboro, as ground for rendering verdict of guilty, when according to the evidence three months had elapsed from the time of the larceny of the automobile to the time a part of it was found in possession of the defendant in North Wilkesboro. Under the circumstances here this would not warrant submitting this principle to the jury as the basis for a verdict of guilty as charged in the bill. *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725; *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920; *S. v. Jones,* 227 N.C. 47, 40 S.E. 2d 458."

It may be noted further that while the State did show that the defendant was operating the stolen car with an improper license plate attached thereto, being one issued for a 1948 Ford automobile, it did not show to whom the license for the 1948 automobile was issued by the Department of Motor Vehicles.

The defendant is entitled to a new trial and it is so ordered.

New trial.