STATE v. JAMES HOWARD ALLISON.

(Filed 3 November, 1965.)

1. **Burglary and Unlawful Breakings § 4; Larceny § 7—**

Evidence tending to show that a store building was broken and entered at nighttime and goods taken therefrom, that some of the goods were found shortly thereafter in a car in which defendant and his companions were riding, together with testimony of an accomplice tending to show that the goods were taken by defendant and his companions after breaking and entering, *held* sufficient to overrule nonsuit.

**2. Burglary and Unlawful Breakings § 4; Larceny § 5—**

When it is established that a store has been broken into and entered and that merchandise has been stolen therefrom, the possession of the stolen merchandise shortly after it had been stolen raises the presumptions of fact that the possessor is guilty of the larceny and of the breaking and entering.

**3. Criminal Law § 101—**

Circumstantial evidence as to the identity of defendant as one of the persons who committed the crimes charged in the bill of indictment *held* sufficient to overrule nonsuit.

APPEAL by defendant from *Farthing, J.,* May 1965 Session of LINCOLN.

Appellant, James Howard Allison, was tried on a bill of indictment, containing two counts, to wit: first, feloniously breaking and entering a certain building "occupied by one Joe Anderson's store"; and second, larceny of described merchandise of the value of more than $200.00 "of the goods and chattels and moneys of one Joe Anderson's store." The indictment alleges said criminal offenses were committed in Lincoln County, North Carolina, on the 23rd day of January 1965.

Earl Edward Steppe and John Max Bradley, in separate bills of indictment, were charged with the same criminal offenses.

John Max Bradley waived his right to counsel, entered a plea of guilty as charged, and testified as a State's witness. Allison (appellant), represented by W. H. Childs, Sr., Esq., court-appointed counsel, and Steppe, represented by Glen B. Ledford, Esq., an attorney from Charlotte, entered pleas of not guilty; and the Allison and Steppe cases were, by consent, consolidated for the purpose of trial.

The jury found both Allison and Steppe "guilty as charged." Thereupon, separate judgments as to Allison and Steppe were pronounced. Steppe did not appeal.

The court, based on Allison's conviction on the first (breaking and entering) count, pronounced judgment imposing a prison sentence of not less than four nor more than nine years, with provisions that such sentence was to commence upon expiration of certain prior sentences; and, based on Allison's conviction on the second (larceny) count, the court, by and with the consent of Allison and his said counsel, continued prayer for judgment for five years from May 13, 1965, "with the leave of the Court to pronounce judgment at any subsequent term during the said 5-year period upon motion of the solicitor."

Allison excepted and appealed.

After appropriate appeal entries for Allison had been made, the

court, "for good cause shown, by and with consent of the defendant given in open Court," permitted Mr. Childs to withdraw as Allison's counsel; and thereupon the court appointed David Clark, Esq., as counsel for Allison, an indigent, to prosecute this appeal in his behalf, and ordered that Lincoln County pay all necessary costs incident to a full and proper appeal.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*
*David Clark for defendant appellant.*

BOBBITT, J. Appellant assigns as error (1) the denial of his motion for judgment as of nonsuit, and (2) the denial of his motion to set aside the verdict.

The evidence consists of that offered by the State and of the testimony of a witness offered by Steppe, to wit, Steppe's mother. Allison did not testify or offer evidence.

The State's evidence consists of the testimony of Joe Anderson, John Max Bradley, R. L. Sigmon, a State Highway Patrolman, and James Melvin, Davidson County Jailer, and of exhibits. This evidence tends to show the facts narrated below.

Joe Anderson's store is located on N. C. Highway #16 in Lowesville in the eastern portion of Lincoln County. Joe Anderson owns the building and operates a general merchandise store therein. The store has a front door and a back door. About 7:00 p.m. on Friday, January 22, 1965, Joe Anderson in person closed his store, locking the front door and barring the back door. When he returned to the store about 7:00 a.m. the following morning, Saturday, January 23, 1965, he found the front door had been "forced open" and the back door "was just unbarred." Within the store there was "general confusion." The combination to his safe had been knocked off. Numerous articles of merchandise, of a value much in excess of $200.00, were missing. Shoes were among the articles missing.

On Friday, January 22, 1965, at the request of Allison, Allison, John Max Bradley and Donny Lee Bradley drove from Burlington, N. C. to Charlotte, N. C. in Donny Lee Bradley's blue and white 1957 Buick. There they met Steppe. The four "got something to eat" at a Charlotte restaurant. Steppe had some "pills" and, while at the restaurant, the four started taking these pills, "around 7 or 7:30 or 8, on Friday night, the 22nd of January." While the four were together in the restaurant, Donny Lee Bradley, the older brother (25) of John Max Bradley (16), was arrested and locked up for public drunkenness.

Allison, Steppe and John Max Bradley (Bradley) left the restaurant and "went to a man's house in Charlotte." There Allison and Steppe got out, got a blanket with some tools in it and "put them in the front seat on the front floor board." Bradley went to sleep. When he waked up Allison and Steppe "were fixing to turn off the highway." They turned off the highway and parked near a church. Bradley went with Allison and Steppe to the back of a store. Allison and Steppe carried the tools from the car. They instructed Bradley "to tell them if any cars were coming." Bradley did not enter the store. Allison and Steppe went around to the front and thereafter came out the back door, bringing "some stuff out in boxes." (According to Bradley, this store was in Lincoln County or Gaston County, "coming into Lincoln or going out of Lincoln.") Allison, Steppe and Bradley were at the store "after midnight."

Leaving the store, Allison, Steppe and Bradley went to the house of one Bid Blackman in Charlotte. There Allison backed the car up to the garage and Allison and Steppe "unloaded some stuff." Bradley was asleep and did not remember what occurred after the trip to Blackman's house until the car wreck in Davidson County. When the car wreck occurred, John Max Bradley, Donny Lee Bradley, Allison and Steppe were the occupants of the car.

Shortly after 1:30 p.m. on Saturday, January 23, 1965, R. L. Sigmon went to the scene of a one-car wreck on U. S. Highway #29, about a mile south of Lexington, N. C. The car involved, "a two-tone 1957 Buick," had gone off the left side of the lane for northbound traffic, down a 25-30 foot embankment and was stopped "kind of at an angle into some trees." Allison was under the steering wheel. Steppe was in the front seat beside Allison. Donny Lee Bradley and John Max Bradley were in the back seat.

The trunk of the car contained a wide variety of articles of personal property. Among the articles in the trunk were shoe boxes containing new shoes, also empty shoe boxes. Each of the four occupants of the Buick had on a brand new pair of shoes. A shoe box containing a pair of new shoes (State's Exhibit #1), and another shoe box containing another pair of new shoes (State's Exhibit #2), and a box containing a tie and belt set (State's Exhibit #3), were taken from the trunk of the Buick. These boxes bore notations made thereon by Joe Anderson of the cost price or selling price or both of the merchandise therein. These boxes and contents had been a part of the stock of merchandise in Joe Anderson's store prior to January 23, 1965. Joe Anderson did not know Allison, Steppe or John Max Bradley and had never seen them in his store.

Defendant's counsel contends that judgment as of nonsuit should have been entered because the State's case rests upon what he describes as "the unsupported, confused, indefinite, and self-contradictory testimony of an accomplice." However, defendant's conviction does not rest solely on the testimony of John Max Bradley. Indeed, John Max Bradley did not purport to know what store Allison and Steppe broke into and entered and stole merchandise from except the general location thereof and that entrance was made from the front and that merchandise was removed from the back. However, John Max Bradley's testimony is very significant and strengthens the State's case when considered along with the testimony of Joe Anderson, R. L. Sigmon and James Melvin.

There is ample evidence to support findings that Joe Anderson's store at Lowesville in Lincoln County was broken into and entered during the night of January 22-23 and that merchandise of a value much in excess of $200.00 was stolen therefrom and that a portion of such stolen merchandise was found in the possession of Allison and his associates about 1:30 p.m. on Saturday, January 23rd, near Lexington in Davidson County. These facts are sufficient to invoke the following well-established legal principle: If and when it is established that a store has been broken into and entered and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny *and* of the breaking and entering. *S. v. Hullen,* 133 N.C. 656, 45 S.E. 513; *S. v. White,* 196 N.C. 1, 144 S.E. 299; *S. v. Lambert,* 196 N.C. 524, 146 S.E. 139; *S. v. Neill,* 244 N.C. 252, 93 S.E. 2d 155.

The State relied upon circumstantial evidence to identify Allison as one of the persons who committed the crimes charged in the two-count bill of indictment. After careful examination thereof in the light of the rule stated in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431, and subsequent cases in accord therewith, the conclusion reached is that the evidence, when considered in the light most favorable to the State, *S. v. Orr,* 260 N.C. 177, 179, 132 S.E. 2d 334, was sufficient to require submission to the jury and to support the verdict.

No error.