·STATE OF NORTH CAROLINA v. BOBBY ALLEN BAUGESS,
DEWEY LEE DUNCAN, AND CARLTON HARLOW OWENS

No. 7317SC470

(Filed 25 July 1973)

**Burglary and Unlawful Breakings § 5; Larceny § 7— break-in of dress
shop — larceny of merchandise — sufficiency of evidence**

> In a breaking and entering and larceny case evidence was suf-
> ficient to submit the case to the jury where it tended to show that
> a dress shop had been broken into and merchandise taken therefrom,
> defendant and two others were apprehended on the night of the
> break-in with the stolen merchandise in their possession, and a search
> of defendant's pockets at the time of his arrest yielded the keys to
> the "drink box" of the dress shop and the knife of one of the shop's
> co-owners.

ON *certiorari* to review the trial of defendants before
*Godwin, Judge,* 25 September 1972 Session of Superior Court
held in STOKES County.

Defendants, Bobby Allen Baugess, Dewey Lee Duncan and
Carlton Harlow Owens, were charged in separate bills of indict-
ment, proper in form, with breaking or entering and larceny
of ladies' clothing from Inez's Dress Shop in Walnut Cove. De-
fendants pleaded not guilty but were found guilty as charged.
From judgments imposing an 8 to 10 year prison sentence as
to each defendant, they appealed.

*Attorney General Robert Morgan and Assistant Attorney
General Howard P. Satisky for the State.*

*Clarence W. Carter for defendant appellants.*

HEDRICK, Judge.

Only defendants' assignment of error relating to the denial
of their motions for judgment as of nonsuit requires discussion.

When the evidence is considered in the light most favorable
to the State, it tends to show the following:

At about 3:00 a.m., 5 May 1972, Officers Fred Harless and
C. S. Gentry of the Winston-Salem Police, saw a 1962 Ford with
no taillights approaching the city from the north. The officers
stopped the Ford, which was driven by defendant Baugess, to
inform him of the condition of the taillights. Defendants Dun-
can and Owens were seated on the front seat with defendant

Baugess and the back seat of the automobile "was stacked full of clothes." Officer. Harless testified: "When I observed the clothing, I issued to Mr. Baugess a citation for driving with no taillights and advised Mr. Baugess of his constitutional rights." Baugess told the officers that the clothing belonged to his wife. Officer Gentry testified: "I noticed that the clothes had different sizes marked on them and asked Mr. Baugess just what size dress his wife wore. To this he answered a size ten. The sizes of the dresses in the car range [sic] from a size six to a size sixteen. All of the clothing had tags on it to mean that the clothing was new." Defendants were driven to police headquarters where the search of the automobile was continued with the permission of defendant Baugess. Additional ladies' clothing was found in the trunk of the automobile. A list of the items of clothing found in the Baugess automobile included one hundred eight pairs of ladies' slacks, one hundred thirty-four ladies' blouses, fifty-four ladies' dresses, three ladies' handbags, twenty-seven slips, five ladies' nightgowns and sixty-nine ladies' hot pants. Keys, a knife, postage stamps and several pennies were found in Baugess' pockets. Defendant Duncan was observed to have a "fresh cut" on his arm.

Inez Brown, co-owner of Inez's Dress Shop in Walnut Cove, was awakened by the Walnut Cove police at about 6:00 a.m., 5 May 1972, and informed that her store had been broken into. The break-in occurred between 7:30 and 8:00 p.m., 4 May 1972, when Mrs. Brown closed the shop, and 6:00 a.m., 5 May 1972, when she was notified by the police. She testified:

> "When I arrived at the store, I noticed that the padlock was busted off the door and the glass was broken."

> "The glass was not fully broken out for there were fragments left. There were pointed edges of the glass still there. When I entered the store, I observed that much of the merchandise was gone and some of it was on the floor."

L. G. Brown, husband of Inez Brown and co-owner of the store, noticed blood on the jagged glass remaining in the door.

In addition to the clothing, keys to the "drink box," pennies, postage stamps and L. G. Brown's knife were also taken from the store.

The Walnut Cove police were advised by a police dispatcher that the Winston-Salem police had apprehended three men, and

---

Mr. and Mrs. Brown accompanied Police Chief Jenkins of Walnut Cove to Winston-Salem where they identified the clothing found in the automobile occupied by defendants as that which had been taken from their store.

Defendants Duncan and Owens offered no evidence. Defendant Baugess testified that he purchased the clothing sometime before midnight from a man named "Joe" at Scotty's Tavern in Stanleyville.

"If and when it is established that a store has been broken into and entered and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny and of the breaking and entering." (Citations omitted.) *State v. Allison*, 265 N.C. 512, 516, 144 S.E. 2d 578, 580 (1965).

We hold that the evidence recited above is sufficient to require the submission of this case to the jury as to all the defendants.

Defendants' additional assignments of error have been carefully considered and found to be without merit.

The defendants had a fair trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.