## STATE OF NORTH CAROLINA v. JAMES FRANCIS BREEDIN

### No. 694SC322

### (Filed 13 August 1969)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of the evidence — recent possession doctrine**

    In prosecution for felonious breaking and entering and felonious larceny, evidence that a building occupied by a corporation was broken and entered at some time between one o'clock on November 29 and seven o'clock a.m. on November 30, and that some of the property stolen from the corporation was in defendant's possession on the morning of November 30, *held* sufficient, under the doctrine of recent possession, to withstand defendant's motion for nonsuit.

2. **Burglary and Unlawful Breakings § 6; Larceny § 8— instructions — recent possession doctrine**

    In prosecution for felonious breaking and entering and felonious larceny, trial court correctly and adequately charged the jury with respect to the doctrine of recent possession.

3. **Criminal Law § 113— instructions — recapitulation of evidence — inadvertence**

    Slight inadvertence of the trial court in recapitulating the evidence, which was not called to attention of the court in time for correction, *held* not prejudicial under the circumstances of this case.

APPEAL by defendant from *Cohoon, J.,* February 1969 Session of Superior Court held in SAMPSON County.

Defendant was tried upon a three count bill of indictment charging him (1) with the felony of breaking and entering, (2) with the felony of larceny, and (3) with the felony of receiving stolen property knowing it to have been stolen.

Upon plea of not guilty trial was by jury. The third count was not submitted to the jury. Verdict was guilty as charged upon the first count of the felony of breaking and entering and on the second count of the felony of larceny. Both counts were consolidated for the purpose of the imposition of sentence and from judgment imposing a prison sentence of ten years, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorney Charles M. Hensey for the State.*

*David J. Turlington, Jr., for the defendant.*

MALLARD, C.J.

The State's evidence is quoted in part and summarized in part as follows: A window in the place of business operated by Clinton Grains, Inc., in Clinton, was broken and the building was entered sometime between one o'clock on Friday, 29 November 1968, and seven o'clock A.M. on Saturday, 30 November 1968. The coke machine and the cracker machine had been moved. Papers were strewn about in the office. Three numbered, blank, printed checks owned by Clinton Grains, Inc., which were identified as State's Exhibit 3A, 3B and 3C, were missing, as well as one of its cancelled checks dated 28 June 1963 and identified as State's Exhibit 3. The manager of the Clinton Grains, Inc., testified relative to State's Exhibits 3, 3A, 3B, and 3C:

> "I have looked at State's exhibit 3 and it has my signature. This is a used check it was on file. It had been run through the bank and cancelled. It just happened to be on file. It was dated June 28, 1963, and is an old check. It was made payable to the order of Josephine Ship for forty dollars and eight cents. Our check machine made that on that. We run them through a machine. State's exhibit 3A is mine. We had several blank checks there. Our machine makes the marks that is on that and the number fits the one that we have here and compares with the one that was missing. We stopped payment on it. State's exhibit 3B is the same thing, a check made out on our machine, and 3C is the same as the others. Our checks each have a number and we keep up with the numbers and these numbers were missing after the alleged break-in. That is an F & E check writer that makes these impressions on the checks. Each one puts a number on it and registers it. No two are alike. Our machine made those marks. I checked each one of them. 3175 and 3125."

Also missing was the key to the lock to the cracker machine which was identified as State's Exhibit 2. A cigar box from the safe containing about $15.00 in nickles, dimes and quarters had been taken. The manager of the corporation discovered that the above property was missing at about seven A.M. on 30 November 1968. About 9:30 or 10 A.M. on Saturday, 30 November 1968, Patricia Ann Bronson (Patricia), with whom the defendant was living, saw the defendant with some checks. The defendant showed Patricia four checks. One of these checks was "for $200" and was the check identified and marked State's Exhibit 3C, which had been stolen from the office of Clinton Grains, Inc. The defendant also told Patricia he had a check for $200 "and he would cash it but he was

afraid to." The defendant was placed in jail on Sunday, 1 December 1968, where he remained until the trial of this case.

On Sunday, 1 December 1968, members of the Clinton Police Department, pursuant to the authority granted by a search warrant in connection with another matter, searched the room occupied by Patricia and defendant in the home of Patricia's mother and step-father. There they found in a suitcase a cigar box similar to the one missing which contained the defendant's name tag, and State's Exhibit 2 which was the missing key from the lock to the cracker machine, six dollars in nickels and one Canadian penny. This cigar box was the one usually kept in the bedroom and used by the defendant. Patricia testified:

> "I saw him put things in this cigar box, the box was at my mother's house when we got there. He put some of his stuff in the box; he put some change in the box, and his check where he got paid for work. When he got off from work he would put his name plate in there."

The place of business of Clinton Grains, Inc., was located outside the City of Clinton and on Saturday, December 7, 1968, the Sampson County Sheriff's Department made another search of the room formerly occupied by Patricia and defendant in connection with an investigation of this case. At the time this search was made, Patricia's parents were also present. The officers discovered the four checks that were missing from Clinton Grains, Inc., under the spread or tablecloth in the room occupied by the defendant and Patricia; these four checks were under that portion of the spread where the T.V. was located. These checks were treated with a nitrate solution in an attempt to develop fingerprints; this treatment caused them to change color. No fingerprints were developed.

Defendant, through his counsel, and in his own proper person, in the absence of the jury, informed the court that he did not desire to testify or offer any evidence, and he did not offer evidence.

Defendant contends that the trial judge committed error in failing to allow his motion for judgment of nonsuit made at the close of the evidence.

In 2 Strong, N.C. Index 2d, Criminal Law, § 106, the applicable rule is stated thus:

> "Circumstantial evidence is a recognized and accepted instrumentality in the ascertainment of truth, and in many cases is sufficient to overrule defendant's motion to nonsuit even though

the individual facts may be weak in themselves, when they present a strong case considered together."

[1]    There is ample evidence that the building occupied by Clinton Grains, Inc., was feloniously broken into and entered at some time during the period between one o'clock on 29 November 1968 and seven o'clock A.M. on 30 November 1968, and that some of the property stolen therefrom was in the possession of the defendant on the morning of 30 November 1968. This was "recent possession" of stolen property. We think the evidence in this case, when viewed in the light most favorable to the State as we are required to do on a motion by a defendant for judgment as of nonsuit, was sufficient to withstand the defendant's motion for nonsuit. *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969).

[2]    Defendant assigns as error certain portions of the charge of the court relating to what is often referred to in connection with the crime of breaking and entering and larceny as the "doctrine of recent possession," as well as other portions of the charge.

In the case of *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578 (1965), the Supreme Court said:

"If and when it is established that a store has been broken into and entered and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny *and* of the breaking and entering. *S. v. Hullen*, 133 N.C. 656, 45 S.E. 513; *S. v. White*, 196 N.C. 1, 144 S.E. 299; *S. v. Lambert*, 196 N.C. 524, 146 S.E. 139; *S. v. Neill*, 244 N.C. 252, 93 S.E. 2d 155."

We are of the opinion and so hold that the trial judge fully, adequately and correctly charged the jury with respect to the doctrine of recent possession in accordance with the law of this State. *State v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725 (1943); *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62 (1966).

The defendant further contends that the court committed error in stating the evidence to the jury that Patricia said "that she saw the defendant put the tag and put the key and some change in a cigar box that was offered in evidence."

What the witness did say, among other things, was:

"James was using that box for sorta of a catch all on his dresser or the bureau in my room; to put his money and his change and things like that. He put things in that box there in the room."

While the witness did not specifically state that the defendant

put the key in the cigar box the defendant did not call this inadvertence to the attention of the judge before the verdict. In the case of *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968), the Supreme Court said:

> "Slight inadvertencies in recapitulating the evidence or stating contentions must be called to the attention of the court in time for correction. Objection after verdict comes too late."

[3]    We are of the opinion and so hold that under the circumstances of this case this inadvertence in recapitulating the evidence does not constitute prejudicial error. See *State v. Cornelius,* 265 N.C. 452, 144 S.E. 2d 203 (1965).

When the charge is considered contextually, no prejudicial error is made to appear.

Defendant has other assignments of error which are without merit and require no discussion.

In the trial we find

No error.

BRITT and PARKER, JJ., concur.