BLACKFORD

*v.*

ROGERS.

(*Supreme Court of Appeals of Virginia, Jan. 30, 1896.*)

[23 S. E. Rep. 896.]

### Trespass Quare Clausum—Possession to Support—Case at Bar.

In trespass quare clausum, where, the boundary between plaintiff's
and defendant's lands was in dispute, and the evidence failed to show
that plaintiff ever had actual or constructive possession of the dis-
puted strip, but tended to show possession thereof in defendant prior
to, and at the time of, the trespass, judgment for defendant was
proper.

Error to circuit court, Princess Anne county.

Action by William W. Blackford against George T. Rogers
for trespass to land. Judgment for defendant, and plaintiff·
brings error. Affirmed.

*Whitehurst & Hughes*, for plaintiff in error.

*Burroughs & Bro.*, for defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of trespass quare clausum fregit brought
by W. W. Blackford in the circuit court for the county of
Princess Anne against George T. Rogers, under the following
circumstances: One Dr. Rogers, who died seised of a tract of
land containing 963 acres, devised it to his two sons, George T.

Rogers, the defendant in error, and Ralph L. Rogers. Upon the death of the latter, George T. Rogers instituted a chancery suit for partition against the heirs at law of his deceased brother. In this suit, commissioners of partition were appointed, who made and assigned the western portion, containing about 370 acres, to the defendant in error, George T. Rogers, and the remainder of 600 acres to the heirs at law of Ralph L. Rogers. This report was returned to the court, and by it confirmed, and a decree was then entered for the sale of the 600-acre tract by Alexander Coke, appointed a commissioner for that purpose, who sold it in four parcels; parcel No. 1, containing 110 acres, and adjoining the lands of George T. Rogers, being purchased by one G. Huff, to whose heirs it was conveyed by the commissioner October 23, 1871. Through the Huff heirs the plaintiff in error deduces his title, by deeds set out at large in the record. In addition to the title thus disclosed, the plaintiff in error was sworn as witness in his own behalf, and testified that the defendant in error, George T. Rogers, at the time or times stated in the declaration, trespassed upon the lands embraced within the line claimed by said Blackford, running down along the thread of the branch reported as the boundary line in the partition suit above referred to, and also appearing upon the plat of F. E. Burroughs, the county surveyor, who executed the survey ordered in this suit on the 1st of July, 1891, and made the plat thereof filed in the papers, and who says in his evidence that the line down the thread of the stream was shown to him by the plaintiff in error, Blackford, and made at his request. This was all the evidence on the part of the plaintiff in error. There is no other evidence in his behalf, either of title or possession. On behalf of the defendant in error, it appears, as we have seen, that his title is derived originally from the same source as that under which the plaintiff in error claims ; and E. B. Macon, who made the survey and plat of the land for Coke, special commissioner, in 1868, testifies that in the subdi-

vision of the 600 acres which fell to the heirs of Ralph L. Rogers, in surveying parcel No. 1, the line between it and that of George T. Rogers was designated by certain trees, which were marked ; and it appears that this line and the marked trees on the field notes of the original survey of Macon were again identified and established in 1891 by F. E. Burroughs, the county surveyor, who ran the line, under the order, of the circuit court in this case, in the presence of the plaintiff and defendant. It also appears from the evidence of Macon that the plat and survey originally made by him in the chancery suit referred to were exhibited at the sale of the lands made in Norfolk city in 1869 by Alex. Coke, commissioner, and that the line of marked trees at the point in controversy was upon the plat so exhibited as upon the plat in evidence.    From the testimony of Moses Whitehurst, it appears that he carried the chain for Macon at the original survey ; that he marked the trees upon the line between parcel No. 1, now in the possession of the plaintiff in error, and the land of George T. Rogers ; that he had been a tenant of S. G. Byrne, who at one time owned the land of the defendant in error ; that he planted oysters in the cove on both sides of the line, and that no one on the Huff side, under whom plaintiff in error claims, objected to his doing so ; and that S. G. Byrne at that time claimed to the line of marked trees, and claimed it from the time the line was established.

It is impossible to say from this evidence that the plaintiff in error was in possession of the land in controversy on the 25th day of November, 1890, when the acts of trespass set out in his declaration are alleged to have been committed, or, indeed, that he was ever in possession, actually or constructively.    The trespass complained of is an injury or wrong done to the possession ; and, to maintain it, there must have been possession— either actual or constructive—in the plaintiff when the trespass was committed.    In Cook v. Thornton, 6 Rand. (Va.) 8, it was held that the action of trespass quare clausum fregit could not be maintained unless the plaintiff was shown to be in the actual

possession when the alleged trespass was committed; but in Van Brunt v. Schenck, 11 Johns. 385, Spencer, J., says that in this country the ''principle, as to real property, has been carried further than in England; and we allow the owner to maintain trespass without actual entry, on the principle that possession follows ownership, unless there be an adverse possession." I am not aware of any case which overrules Cooke v. Thornton, supra, nor, indeed, of any case in this court which throws any doubt upon it; but it having been suggested that a different practice has grown up, more in conformity with the law as stated in the quotation from Van Brunt v. Schenck, supra, than with it, we have thought it prudent to refrain from any expression of opinion upon what may prove an interesting and important question, until the decision of it is called for upon the record. In the case before us it is wholly unnecessary to pass upon it, as the evidence tends to show possession in the defendant in error at the time of the alleged trespass, and negatives the claim of possession, actual or constructive, in the plaintiff in error. We are of opinion, therefore, that the verdict of the jury and the judgment of the court are without error, and must be affirmed.