STATE OF NORTH CAROLINA v. JOHN EARLEY

No. 7829SC277

(Filed 17 October 1978)

**Burglary and Unlawful Breakings § 5.9; Larceny § 7.4— possession of recently stolen property — sufficiency of evidence**

> In a prosecution for felonious breaking and entering and felonious larceny, evidence was sufficient for the jury to find that defendant was in possession of the recently stolen goods where it tended to show that defendant was the owner and operator of the car in which the stolen goods were found approximately 45 minutes after the break-in; there was no showing that defendant voluntarily or involuntarily relinquished his control over his car; and defendant must have been aware of the presence of a lawn mower and garden tiller in the car he was driving.

APPEAL by defendant from *Ervin, Judge*. Judgment entered 4 November 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 14 August 1978.

The defendant was indicted for felonious breaking and entering and felonious larceny. He was tried upon his plea of not guilty and found guilty as charged on both counts. The two charges were consolidated for judgment and, from judgment sentencing him to a term of imprisonment of not less than eight nor more than ten years, the defendant appealed.

The State offered evidence tending to show that during the early morning hours of 8 July 1975 a store owned by J. B. Harrell was broken into and a lawn mower and garden tiller stolen therefrom. About 1:30 a.m. the same morning, Deputy Sheriff L. R. Collins stopped the defendant's car. The defendant was driving and was accompanied by two other people. Deputy Sheriff Collins observed the articles stolen from the store in the defendant's car at that time.

The defendant offered evidence tending to show that he called Deputy Sheriff Ray Cline at approximately 10:30 p.m. on 7 July 1975 and told him that someone was going to break into Mr. Harrell's store. The defendant indicated that he learned of the planned break-in when two people approached him and tried to get him to buy the articles that they intended to steal. The defendant also attempted to call two other law enforcement officers that evening but could not reach either officer.

At approximately 12:30 a.m. on 8 July 1975, the defendant went to the home of Deputy Sheriff Charles Conner and awakened him. The defendant then told Conner that two people were breaking into Mr. Harrell's store. Conner telephoned Deputy Sheriff Collins and advised him of the situation and Collins said he would come to Conner's home in order that the two could go to the store together to investigate. The defendant told Conner that he would go back to the store and stall the two thieves until Conner and Collins could arrive. Approximately forty-five minutes later, Collins arrived at Conner's home. The two deputies were proceeding toward the store when they spotted the defendant's car. They stopped the car and arrested the two passengers but did not arrest the defendant. The defendant was later indicted on the charges which are the subject of this appeal.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*J. Nat Hamrick for the defendant appellant.*

MITCHELL, Judge.

The defendant's sole assignment of error is directed to the failure of the trial court to grant his motion to dismiss made at the close of all the evidence. The defendant contends that the only evidence against him was the alleged possession of recently stolen goods, but that he never actually possessed those goods. A person is in possession of goods when he has the intent to control the goods and is in such physical proximity to the goods as to have the power to control them to the exclusion of others. Thus, a person who has the power and intent to control the access to and use of a vehicle has possession of the known contents of the vehicle. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972); *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966).

The defendant was the owner and operator of the car in which the stolen goods were found. Nothing in the record tends to indicate that the defendant voluntarily or involuntarily relinquished his control over his car. Additionally, it would appear obvious that the defendant must have been aware of the presence of a lawn mower and garden tiller in the car he was driving. There was sufficient evidence here for the jury to find that the defendant was in possession of the recently stolen goods. *State v. Ep-*

*pley*, 282 N.C. 249, 192 S.E. 2d 441 (1972); *State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied*, 409 U.S. 1046, 34 L.Ed. 2d 498, 93 S.Ct. 547 (1972).

The defendant also argues that, if he was in possession of the stolen goods, he presented sufficient evidence to overcome the presumption or inference of guilt created by the doctrine of recent possession. When a person is in possession of stolen goods soon after a breaking and entering resulting in the larceny of those goods, the possession is a circumstance tending to show that the possessor is guilty of both the larceny and the breaking and entering. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968); *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578 (1965). In *State v. Eppley*, 282 N.C. 249, 253-54, 192 S.E. 2d 441, 444-45 (1972), the Supreme Court of North Carolina stated:

> The burden of proof is not thereby shifted to the defendant and his failure to offer evidence to explain how the stolen article came into his possession does not compel a conviction. In the absence of an explanation, or other circumstance tending to destroy the basis for the inference, evidence of such possession is sufficient, however, to justify the denial of a motion for judgment of nonsuit on the charge of larceny. The presumption or inference is to be considered by the jury along with other evidence in determining the defendant's guilt. Upon proof of larceny following a breaking and entering, the defendant's possession of the stolen articles under such circumstances will also support an inference that he committed the breaking and entering. (Citations omitted.)

The inference which arises from the possession of recently stolen goods may be overcome by the presentation of a reasonable explanation for the possession of the goods. 50 Am. Jur. 2d, Larceny, § 163, pp. 349-51; 52A C.J.S., Larceny, § 110, pp. 608-11. However, the issue of whether a reasonable explanation has been given must be decided by the jury. 50 Am. Jur. 2d, Larceny, § 171, pp. 359-60; 52A C.J.S., Larceny, § 141, pp. 691-94. The apparent reasonableness of the explanation does not take the question from the jury nor does it necessarily lead to an acquittal. 52A C.J.S., Larceny, § 141, p. 693. *But see State v. Allen*, 56 Utah 37, 189 P. 84 (1920).

Here, the reasonableness of the defendant's explanation for his possession of the recently stolen goods was an issue for the jury. As there was sufficient evidence to justify a finding by the jury that the defendant was in possession of recently stolen goods, the jury was entitled to draw the inference that the defendant broke and entered the store in question and stole the goods therefrom. Therefore, the trial court did not err when it denied the defendant's motion to dismiss.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.