STATE OF NORTH CAROLINA v. JERRY MAINES AND STATE OF
NORTH CAROLINA v. STEVE DUNN

No. 8023SC195

(Filed 5 August 1980)

**Burglary and Unlawful Breakings § 5.9; Larceny § 7.4– breaking and entering and
larceny – possession of recently stolen property**

The evidence was sufficient to support the conviction of both defendants
of felonious breaking and entering and felonious larceny under the doctrine
of possession of recently stolen property where it tended to show that a store
was broken into between 9:00 p.m. on 5 July and the morning of 6 July; a blue
water repellant coat and other items were missing from the store; defend-
ants were apprehended at 10:25 p.m. on 7 July in an automobile containing
the stolen coat and other items similar to those stolen from the store; and one
defendant was driving the automobile and the other defendant owned the
automobile and was a passenger in the front seat.

Judge HEDRICK concurring in part and dissenting in part.

APPEAL by defendants from *McConnell, Judge.* Judgments
entered 18 October 1979 in Superior Court, ASHE County. Heard
in the Court of Appeals 9 June 1980.

Defendants were each indicted for felonious breaking and
entering and felonious larceny.

Pauline Milam testified that on 5 July 1979 she closed and
locked her grocery store/service station around 9:00 p.m. and
when she returned the next morning, she discovered a back
window broken out and a rock lying on the floor. Items missing
from her store included her blue water repellant coat,
cigarettes, a necklace, toothbrushes, cigarette papers and
"Ford" caps.

Lieutenant Zane Tester of the Boone Police Department
testified that when he pulled defendant Dunn's car on 7 July
1979 at approximately 10:25 p.m., he observed defendant
Maines driving the car and defendant Dunn in the front passen-
ger seat, with two other men in the rear seat of the car. Detect-
ing the strong odor of alcohol on defendant Maines, he took all
parties to the police station. While at the police station a mes-
sage was received about the Milam break-in and Dunn, as own-

State v. Maines and State v. Dunn

er of the vehicle, was requested to sign a consent to search form, which he did after being informed of his constitutional rights. Police searching the vehicle found paper bags containing cigarettes and cigarette papers in the trunk of the car, a blue nylon windbreaker coat in the back seat of the car, and two new toothbrushes in the glove compartment. They removed a necklace from defendant Dunn and a "Ford" cap from one of the rear seat passengers.

Defendant Maines denied being with defendant Dunn on 5 July 1979 and presented an alibi. He denied knowing that any of the stolen property was in Dunn's car and stated that the only reason he was driving the car was because he was more sober than the others.

Defendant Dunn denied breaking into the Milam store and stealing any property. He testified explaining where he had gotten the various items found in his car and on his person and presented an alibi for 5 July and 6 July 1979.

The jury returned verdicts as to each defendant of guilty as charged. From imposition of an active sentence on the larceny charge and a suspended sentence on the breaking and entering charge, each defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Vannoy & Reeves, by Wade E. Vannoy, Jr., for defendant Maines.*

*Johnston, Johnston and Worth by Allen Worth, for defendant Dunn.*

MARTIN (Robert M.), Judge.

Defendants argue the court erred in denying their motions to dismiss at the close of the evidence.

The State relied on the doctrine of possession of recently stolen property. Possession of stolen property shortly after the

time of the theft raises an inference of the possessor's guilt of the larceny as well as of the breaking and entering necessary to gain access to the property, which is then submitted to the jury along with other evidence for its determination of guilt. *State v. Fair*, 291 N.C. 171, 229 S.E. 2d 189 (1976). The circumstances under which the doctrine may be applied were enumerated in *State v. Fair* as follows: (1) that the property described in the indictment was stolen, (2) that the property shown to have been possessed by defendant was the stolen property, and (3) that the possession was recently after the larceny.

The first condition is satisfied by Mrs. Milam's testimony as to the break-in of her building and her positive identification of the coat described in the indictment. Although Mrs. Milam could not specifically identify the other items listed in the indictment as being her property, the general verdict of guilty which was returned by the jury will stand as being presumed to relate only to the felonious larceny of the identified coat. *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62 (1966).

The requirement of the second condition of the doctrine is met by the testimony which established defendant Maines as the driver of the car containing the stolen property and defendant Dunn as owner of the car and being present in the front passenger seat. As to defendant Maines, one who has the power to control and intent to control the access to and use of a vehicle is presumed to also have possession of the known contents of that vehicle. *State v. Eppley*, 282 N.C. 249, 192 S.E. 2d 441 (1972). As to defendant Dunn, his possession of the stolen goods is implied by his ownership of the vehicle, his presence in the vehicle, and his exercise of authority over the vehicle in consenting to its search by the police officers. *State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied*, 409 U.S. 1046, 34 L. Ed. 2d 498, 93 S.Ct. 547 (1972). The above facts which imply possession by the defendants are merely to be considered by the jury along with other evidence but they do justify the denial of defendants' motions for nonsuit. *State v. Earley*, 38 N.C. App. 361, 247 S.E. 2d 796 (1978).

As to the final condition, the goods were taken sometime between 9:00 p.m. on 5 July 1979 and the morning of 6 July 1979;

defendants were apprehended around 10:25 p.m. on 7 July 1979, a maximum time lapse of 49½ hours. The facts and circumstances of each case determine whether the lapse of time between the theft of the goods and when the defendant is found in possession of the goods is too great to allow the doctrine to apply. If the stolen property is of a type not normally or frequently found in commerce, then a longer time inference will be sustained. *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969). We conclude that the possession of Mrs. Milam's coat by the defendants was sufficiently recent after its theft to permit application of the doctrine of possession of recently stolen property. *See State v. Jolley*, 262 N.C. 603, 138 S.E. 2d 212 (1964) (per curiam).

In the defendants' trial we find

No error.

Judge Martin (Harry C.) concurs.

Judge Hedrick concurs in part and dissents in part.

Judge Hedrick, (concurring in part and dissenting in part):

I concur with the majority with respect to the defendant Dunn. However, I respectfully dissent from the majority decision with respect to the defendant Maines. The majority has ignored the salient fact in the *Maines* case that the owner of the automobile, the defendant Dunn, was a passenger when the defendant Maines was driving the automobile in which the stolen coat was found. While the defendant Dunn as owner/occupant of the car had constructive possession of the stolen article, *State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied*, 409 U.S. 1046, 93 S.Ct. 547, 34 L. Ed. 2d 498 (1972), it is my opinion that the driver of a vehicle is not presumed to have constructive possession of the contents of the vehicle when the owner is an occupant, absent some evidence that the driver had knowledge of the stolen character of the contents of the vehicle, or the nature of the property in question is such as to give notice to the driver of its contraband character.

In the present case there is no evidence that the defendant Maines knew that the blue coat identified by the witness Milam was stolen, and certainly there is nothing in the nature of the coat itself to give the defendant notice that it was stolen. In my opinion the trial judge should have granted defendant Maines' motion for judgment as of nonsuit, and I vote to reverse.