# CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Southern Corp.
and Norfolk Southern
Tower, L.L.C.

v.

Main Financial
Associates, L.L.C., et al.

June 7, 2001

Case No. (Law) L01-93

BY JUDGE MARC JACOBSON

Norfolk Southern Corporation and Norfolk Southern Tower, L.L.C., Plaintiffs, filed a Motion for Judgment (Motion) against SunTrust Banks, Inc. (SunTrust) and Main Financial Associates, L.L.C. (MFA), alleging negligence against both SunTrust and MFA and nuisance and trespass against MFA. Subsequently a nonsuit was taken as to SunTrust by Plaintiffs.

Plaintiffs allege that they are the owner and tenant of a building in the City of Norfolk situated near a building presently owned by MFA (SunTrust building). *See* Motion, ¶¶ 3-8. The SunTrust building had previously been owned by Crestar Corporation (Crestar) which corporation was acquired by SunTrust in December 1998. *See* Motion, ¶ 3. On March 25, 1998, SunTrust sold the SunTrust building to MFA and MFA has owned it since that time. *See* Motion, ¶ 3.

In 1996, when Crestar owned the SunTrust Building, in the course of repairing the roof several tons of small rock were placed on top of the building. *See* Motion, ¶ 10. At that time, Plaintiffs allegedly notified Crestar that the rocks could potentially harm Plaintiffs' property and Crestar allegedly replied that it did not consider the rocks a threat. *See* Motion, ¶¶ 11-12. Plaintiffs allege that on or about September 16, 1999, Hurricane

Floyd passed through the City of Norfolk, causing the rocks on the SunTrust building to blow into and upon Plaintiffs' building, resulting in more than $1,200,000 worth of damage. *See* Motion, ¶¶ 15-16.

Following the September storm, Plaintiffs allege that they requested Crestar to remove the remaining rock from the SunTrust building's roof in order to prevent further damage. *See* Motion, ¶¶ 17-18. After several such requests, Crestar manually swept some of the rock away but failed to replace the entire roof, allegedly leaving behind a quantity of loose asphalt. *See* Motion, ¶ 22. Plaintiffs allege that they requested a new roof be installed several times but that these requests went unheeded. *See* Motion, ¶¶ 18, 21, 24. Plaintiffs had allegedly repaired all the damage to their building when on June 18, 2000, a thunderstorm passed through the City of Norfolk. *See* Motion, ¶ 26. Due to the high winds, more destruction was done to Plaintiffs' building by the loose rock on the SunTrust building, resulting in more than $500,000 of damage. *See* Motion, ¶¶ 27-28. Plaintiffs have filed this action against SunTrust and MFA for the damage to the building, as well as for the attendant interruption to Plaintiffs' business activities on the property. *See* Motion, ¶ 29.

MFA has filed a Demurrer as to each claim in the Motion.

A demurrer tests the sufficiency of factual allegations to determine whether a motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

The Rules of the Supreme Court provide that a pleading "shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Sup. Ct. R. 1:4(d). On demurrer, a court may consider the substantive allegations of the pleading as well as any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156 (1991). The Virginia Supreme Court has cautioned the trial courts against incorrectly short-circuiting litigation at the pretrial level by deciding the dispute without permitting the parties to reach a trial on the merits. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). In deciding whether or not the Plaintiffs have stated a cause of action or facts upon which relief can be granted, this Court must accept as true all facts alleged and reasonable inferences drawn from the Plaintiffs' Motion for Judgment.

MFA has demurred to the negligence claim on the ground that Plaintiffs did not adequately plead a duty Defendant owed to them. *See* MFA Demurrer at 1. MFA characterizes Plaintiff's claim that MFA did not use reasonable care in the maintenance of the roof to be a strict liability claim, which is not recognized in this jurisdiction. *See* MFA Demurrer at 2, *citing* Michie's Jurisprudence, 2000 Supplement, *Negligence*, § 14, p. 72. MFA further claims that Plaintiffs' allegation that MFA failed to use due care is conclusory and insufficient to state a cause of action. *See* MFA Demurrer at 2. MFA also claims that only the record owner of the property could recover for the damage and, therefore, the claim of Norfolk Southern Corporation, as tenant, should be dismissed. *See* MFA Demurrer at 2. MFA also argues that the damages resulted from an act of God and, therefore, are not compensable. *See id.*

Plaintiffs, in their opposition to Defendant Main Financial Associates, L.L.C.'s Demurrer (Plaintiffs' Brief) argue that a negligence claim may be sustained as long as a plaintiff pleads a legal duty, violation of that duty, and a consequent injury. *See* Plaintiffs' Brief at 4, *citing Burdette v. Marks,* 244 Va. 309, 421 S.E.2d 419 (1992). Plaintiffs also claim that Virginia's common law imposes upon every individual the obligation to act with ordinary care toward others. *See id.* Since Plaintiffs pleaded a violation of the duty of ordinary care, they contend the Demurrer must be overruled on that ground. *See id.* Plaintiffs further argue that Defendant MFA's assertion that the tenant of the building suffered no damage is in error. Plaintiffs argue that the tenant suffered interruption of business as well as damage to its personal property. Finally, Plaintiffs argue that under *Cooper v. Horn,* 248 Va. 417, 448 S.E.2d 403 (1994), the act of God defense or theory does not apply to this case because under that doctrine a successful defendant must prove that damages sustained by a plaintiff resulted solely from an act of God. Here, Plaintiffs argue that the allegation that the rock causing their damage was placed by humans defeats the act of God defense. *See id.*

The Court must examine Defendants' Demurrer in the light most favorable to Plaintiffs, the non-moving party. In Virginia, it is sufficient to sustain a cause of action when a plaintiff alleges a duty owed to it, a breach of that duty, and resulting damage. *See Jordan v. Jordan,* 220 Va. 160, 257 S.E.2d 761 (1979) (discussing the basic elements of negligence, namely, a duty, breach, causation, and harm.) Plaintiffs have alleged that they and Defendant were neighboring property owners who were related by proximity. Even if no special duty is imposed upon Defendants by reason of their property ownership, it is reasonable to argue or allege that Defendants at least owed Plaintiffs the duty of due care. *See Norfolk & P. R. Co. v. Ormsby,* 68 Va. (27 Gratt.) 455 (1876). *See also* Michie's Jurisprudence, *Negligence,*

§ 13, p. 265 ("An elementary principle of negligence law is that a person who creates a risk of foreseeable harm to others is under a duty to exercise reasonable care to prevent the threatened harm.") It is this duty allegedly breached, and Plaintiffs' allegation that the gravel causing the breakage of glass constituted a violation of the duty of due care is sufficient to withstand a Demurrer. Additionally, as long as the Plaintiff tenant has alleged damage caused by Defendant's action, its allegations of a breach of duty causing harm are sufficient to survive a Demurrer.

Additionally, "[w]hether [an event] is an 'act of God' is a mixed question of law and fact, and it is for the trial court to determine in the first instance whether, under the law, the defendant has proved the existence of circumstances permitting exemption from liability." *Cooper v. Horn, supra*, at 425, *citing Southern Ry. v. Neal*, 146 Va. 229, 235, 135 S.E. 703, 705 (1926). "To relieve one of liability because [an event] is, in law, an 'act of God,' it must appear that the act of God was the sole proximate cause of the injury." *See id., citing Neal* at 239, 135 S.E. at 706. "Moreover, 'all human agency is to be excluded from creating or entering into the cause of mischief, in order that it may be deemed an Act of God'." *See id., citing City of Portsmouth v. Culpepper*, 192 Va. 362, 367, 64 S.E.2d 799, 801 (1951) (*quoting Friend v. Woods*, 47 Va. (6 Gratt.) 189, 195 (1849)). Plaintiffs allege that MFA's actions were a proximate cause of their damages and that, but for the gravel manually placed on the roof, no damages would have been sustained.

Whether the defense of an act of God applies is factually based and, if appropriate or applicable, is an issue for trial and not for a demurrer. MFA's Demurrer as to Plaintiffs' negligence count is overruled at this time.

Plaintiffs claim that the gravel left on MFA's roof constitutes a nuisance for which they can recover. MFA has demurred to the nuisance claim on the ground that it fails to allege facts independent of the negligence claim upon which to recover. MFA also asserts that a nuisance is an activity, and Plaintiffs have pleaded no active conduct upon which a claim for nuisance can be sustained. *See* MFA Demurrer at 2.

"The term nuisance, in legal parlance, extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property." *See* Michie's Jurisprudence, *Nuisances*, § 2, p. 20. In the instant case, Plaintiffs seek to recover under the theory of private nuisance, i.e., the theory that "a man may make lawful use of his property but if he is so negligent and careless in the use thereof as to inflict injury upon others, he must answer in damages." *See id.*, § 6, p. 27.

For its claim of nuisance, Plaintiffs have pleaded that Defendant's conduct in allowing the gravel to remain on the roof interfered with Plaintiffs' business activities. Plaintiffs at this stage of the proceedings are not required to prove an affirmative act; every day that the gravel was not removed from MFA's property possibly could be alleged as an act or omission that ultimately resulted in Plaintiffs' damages. Because Plaintiffs may plead alternative theories of recovery, they need not allege a different set of facts in order to sustain a proper claim. Even if Plaintiffs perhaps may not be able to recover for both negligence and nuisance, *see Philip Morris, Inc. v. Emerson*, 235 Va. 380, 407 (1988), at this juncture they are entitled to plead both theories.

MFA's Demurrer as to Plaintiffs' nuisance count is overruled at this time.

Plaintiffs have pleaded that the gravel encroaching upon their property constitutes a trespass by MFA. MFA has demurred to this count on the ground that Plaintiffs must allege that one of them had an exclusive possessory right to the damaged property. MFA claims that, because one Plaintiff was an owner and the other a tenant, neither had exclusive rights to the property, thus, neither can recover. *See* MFA Demurrer at 3. Additionally, MFA asserts that Plaintiffs have not alleged any conduct on behalf of MFA that directly resulted in the claimed damages. Consequently, the pleadings are insufficient to sustain a cause of action for trespass. *See id.*

Plaintiffs argue that all three causes of action are pleaded as alternative theories and, as such, are properly pleaded under the Rules of Court. Plaintiffs also argue that since a claim for trespass can be predicated upon a physical entry onto land, whether intentional or not, the facts alleged by Plaintiffs are sufficient to sustain a cause of action for trespass. The Motion alleges specifically and implicitly that owner Plaintiff Norfolk Southern Tower, L.L.C., had exclusive control over the building and that the tenant Plaintiff Norfolk Southern Corporation had exclusive control over the personal property contained therein.

"Trespass is an unauthorized invasion of one's interest in personal property or an entry on another's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." *See* Michie's Jurisprudence, *Trespass*, § 2, p. 560. *See also Blackford v. Rogers*, 2 Va. Dec. 292, 23 S.E. 896 (1896). Trespass need not be intentional, nor need it result in sustainable damage. *See id.*, p. 561. In order to properly plead a trespass action, a plaintiff must allege injury and damage, as well as a negligent act or omission on MFA's behalf. *See id.*, § 16, p. 574. Because Plaintiffs have alleged that MFA caused the injury to Plaintiffs' property by a physical invasion, at this stage of the proceedings they have sufficiently pleaded a cause of action for trespass.

MFA's Demurrer as to Plaintiffs' trespass count is overruled at this time.

In the lawsuit regarding the second windstorm, Plaintiffs seek punitive damages. This request has also been subject to a Demurrer on the ground that since some gravel was swept from the roof in question, Plaintiffs cannot properly plead that Defendant MFA's conduct regarding the roof was willful or wanton to support an award of punitive damages. Plaintiffs have pleaded that they notified Crestar, SunTrust, and MFA that the gravel on the roof constituted a danger to Plaintiffs' property. *See* Motion. Plaintiffs allege that even after the first incident of damage, Plaintiffs' warnings of damage went unheeded. *See id.*

Plaintiffs have pleaded that MFA's conduct constituted "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the Defendant aware, from [its] knowledge of existing circumstances and conditions, that [its] conduct would probably cause injury to another." *See Philip Morris v. Emerson*, 235 Va. 380, 408, 268 S.E.2d 268, 283 (1988). Plaintiffs have pleaded that MFA was aware that gravel was on the roof of the SunTrust building, that MFA was told the gravel was dangerous, and even after Plaintiffs' property had been damaged, MFA did virtually nothing to remedy the situation.

MFA's Demurrer as to the punitive damages count is overruled at this time.

Plaintiffs have pleaded that their business was interrupted by the damage to the building suffered because of MFA's negligence. MFA demurred to this portion of the Motion on the ground that the claimed damages relating to business interruption are too remote to permit recovery. Plaintiffs allege that the damages are direct damages, because they reasonably and forseeably flow from MFA's alleged conduct in allowing the gravel to sit on the roof. "Direct damages are those which arise "naturally" or "ordinarily" from a breach of contract; they are damages which, in the ordinary course of human experience, can be expected to result from a breach. ... If damages are determined to be direct, they are compensable." *Blue Stone Land Co. v. Neff*, 259 Va. 273, 278, 526 S.E.2d 517 (2000).

MFA's Demurrer to the portion of the Motion seeking business disruption damages is overruled.