STATE OF NORTH CAROLINA
v.
MARTEZ DEVAR BONDS.
No. COA08-1397
Court of Appeals of North Carolina
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Jennifer L. Hillman, for the State.
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by David L. Neal, for Defendant-Appellant.
McGEE, Judge.
Martez Devar Bonds (Defendant) was found guilty by a jury of felony breaking or entering a motor vehicle, misdemeanor larceny, and misdemeanor possession of stolen goods on 20 May 2008. Defendant pleaded guilty to being a habitual felon on 21 May 2008. The trial court consolidated Defendant's convictions for judgment and sentenced Defendant to a term of 107 months to 138 months in prison. Defendant appeals.
At trial, Gonzalo Chavez Valencia (Chavez) testified that he parked his car in front of his apartment complex in Hickory around 2:00 p.m. on 19 July 2007. When Chavez went out to his car between 6:00 p.m. and 7:00 p.m. that same day, he noticed his checkbook and cell phone were missing. Chavez called the police, who investigated. Chavez did not know who had stolen the checkbook and cell phone from his car.
Detective Phillip Demas (Detective Demas) with the Hickory Police Department testified that he was alerted to a suspicious person flagging down vehicles in a high drug area of the city known as "crack street" at approximately 9:00 a.m. on 20 July 2007. "Crack street" is approximately a thirty-minute walk from Chavez's apartment complex. Detective Demas saw Defendant, who matched the description of the suspicious person, standing near the corner of "crack street." Detective Demas approached Defendant and asked if he could search Defendant. Defendant consented to a search of his person. Detective Demas found a checkbook in Defendant's right front pants pocket with the name "Gonzalo Chavez." Detective Demas asked Defendant "where he got the checkbook" and Defendant responded that someone had given him the checkbook. Detective Demas continued to search Defendant and found a red Motorola cell phone in Defendant's left front pocket.
Detective Demas left but returned after he determined the items had been stolen from Chavez the previous evening. Detective Demas arrested Defendant and charged him with possession of stolen property. When Detective Demas asked Defendant "where he got the cell phone," Defendant said he had "traded it for crack cocaine." After being taken to the police station, Defendant gave a written statement corroborating his earlier statement that he had received the checkbook and cell phone in exchange for crack cocaine. Defendant provided a description of the person who traded Defendant the stolen property for crack cocaine.
At the conclusion of the State's evidence, Defendant moved to dismiss the charges of felony breaking and entering and misdemeanor larceny for insufficiency of the evidence. The trial court denied Defendant's motion. Defendant did not present any evidence. Defendant renewed his motion to dismiss, which was again denied. Defendant appeals.

I.
Defendant argues in his assignments of error numbers one and two that the trial court erred in denying Defendant's motions to dismiss the charges of felony breaking or entering a motor vehicle and misdemeanor larceny because the doctrine of recent possession was inapplicable.
The standard of review for a motion to dismiss in a criminal trial is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citing State v. Roseman, 279 N.C. 573, 184 S.E.2d 289 (1971)). "'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Kraus, 147 N.C. App. 766, 769, 557 S.E.2d 144, 147 (2001) (quoting State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citing State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992)).
The essential elements of breaking or entering a motor vehicle are "(1) breaking or entering a motor vehicle, (2) with the intent to commit larceny therein." State v. Baskin, ___ N.C. App. ___, ___, 660 S.E.2d 566, 572 (2008). Larceny is the "`wrongful taking and carrying away of the personal property of another without his consent, . . . with intent to deprive the owner of his property.'" State v. Carswell, 296 N.C. 101, 103, 249 S.E.2d 427, 428 (1978) (quoting State v. Griffin, 239 N.C. 41, 45, 79 S.E.2d 230, 232 (1953)). Defendant argues the State failed to prove that Defendant "actually entered" Chavez's car or that Defendant "took or carried away" Chavez's property. Defendant further contends the trial court erred in applying the doctrine of recent possession to meet the State's burden for these elements because Defendant provided a "reasonable, alternative explanation" for how he acquired the stolen property.
The applicability of the doctrine of recent possession depends on the State proving beyond a reasonable doubt the following three criteria:
(1) the property described in the indictment was stolen; (2) the stolen goods were found in [the] defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in [the] defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.
State v. Maines, 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981) (citations omitted). When the three criteria outlined in Maines are satisfied, a "presumption of the possessor's guilt of the larceny of such property" arises. Id. at 673, 273 S.E.2d at 293. The presumption is "strong or weak depending upon the circumstances of the case and the length of time intervening between the larceny of the goods and the discovery of them in [the] defendant's possession." Id. at 673-74, 273 S.E.2d at 293 (citing State v. Williams, 219 N.C. 365, 13 S.E.2d 617 (1941)). When there is sufficient evidence that a breaking or entering occurred during the theft of the property, "the possession of such stolen property recently after the larceny raises presumptions that the possessor is guilty . . . also of the breaking and entering." Id. at 674, 273 S.E.2d at 293 (citing State v. Lewis, 281 N.C. 564, 189 S.E.2d 216, cert. denied, 409 U.S. 1046, 34 L. Ed.2d 498 (1972)).
It is uncontested that the State presented no direct evidence that Defendant was the perpetrator of the larceny and the breaking or entering of Chavez's vehicle. Chavez testified he did not know who committed the felony breaking or entering of his motor vehicle or who stole his property. There was no eye-witness identification of Defendant, nor forensic evidence linking Defendant to these offenses. However, the State presented evidence that Defendant was found approximately fourteen hours after Chavez's property was stolen, in a location that was approximately a thirty-minute walk from Chavez's apartment complex, in possession of Chavez's stolen property. Therefore, the State presented sufficient evidence to satisfy the three criteria outlined in Maines in order to apply the doctrine of recent possession. Id. at 674, 273 S.E.2d at 293.
Nonetheless, Defendant contends that because he provided a reasonable explanation for how he came into possession of the stolen property, the State was "bound" by this evidence, and therefore the trial court erred in denying Defendant's motion to dismiss. Our Court has held: "The inference which arises from the possession of recently stolen goods may be overcome by the presentation of a reasonable explanation for the possession of the goods." State v. Earley, 38 N.C. App. 361, 363, 247 S.E.2d 796, 797 (1978) (citations omitted). Defendant presented evidence that he obtained the stolen property during a drug transaction. Defendant argues this was a reasonable explanation because the police found Defendant in a "high-drug" area, and because his statement had added credibility since the statement was incriminating.
However, whether Defendant's explanation was "reasonable" enough to overcome the presumption of his guilt "must be decided by the jury. The apparent reasonableness of the explanation does not take the question from the jury nor does it necessarily lead to an acquittal." Id. at 363, 247 S.E.2d at 798 (citations omitted). Because the State presented sufficient evidence to allow a jury to "legitimately draw the inference[]" that Defendant committed the charged offenses, the trial court did not err in denying Defendant's motion to dismiss. State v. Greene, 30 N.C. App. 507, 512, 227 S.E.2d 154, 157 (1976). Therefore, Defendant's assignments of error numbers one and two are overruled.

II.
Defendant argues in his assignments of error numbers eight and nine that because the doctrine of recent possession was inapplicable, the trial court erred by giving jury instructions on the doctrine. As we have already held that the doctrine of recent possession was applicable, Defendant's argument is without merit. Defendant's assignments of error numbers eight and nine are overruled.
Defendant did not argue his remaining assignments of error and therefore they are abandoned pursuant to N.C.R. App. P. 28(b)(6). No error.
Judges ROBERT C. HUNTER and BEASLEY concur.
Report per Rule 30(e).