An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1297

Filed: 15 September 2015

Randolph County, No. 12 CRS 53642

STATE OF NORTH CAROLINA

v.

KENNETH EUGENE STREET

Appeal by defendant from judgment entered 9 July 2014 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 10 August 2015.

> *Roy Cooper, Attorney General, by Donna Elizabeth Tanner, Assistant Attorney General, for the State.*

> *Brock & Meece, P.A., by C. Scott Holmes, for defendant-appellant.*

DAVIS, Judge.

Kenneth Eugene Street ("Defendant") appeals from his convictions for possession of a stolen motor vehicle and driving while his license was revoked. On appeal, he contends that the trial court erred by admitting evidence (1) that the neighborhood where he and the stolen vehicle were located was a "high crime area"; and (2) concerning the results of a search of law enforcement databases. After careful review, we conclude that Defendant received a fair trial free from prejudicial error.

## Factual Background

The State presented evidence at trial tending to establish the following facts: On the morning of 9 June 2012, Randy Hardin ("Hardin") discovered that his 2003 silver Kia Spectra automobile ("the Spectra") had been stolen from where it had been parked in front of his house. Hardin had last seen the Spectra the previous night around 9:00 p.m., and he reported it stolen shortly before 8:00 a.m.

At approximately 9:00 a.m., while he was on patrol in the vicinity of Glovinia Street, Officer Clarkston Cox ("Officer Cox") of the Asheboro Police Department ("APD") observed Defendant and two women, Charity Wall and April Pollock, standing next to a Kia Spectra that was parked on the wrong side of the road. Officer Cox recognized Defendant and the two women and knew from previous interactions with them that all of their respective driver's licenses had been revoked.

Officer Cox parked his patrol car nearby where he would be able to observe Defendant or either of the two women driving the Kia Spectra in the event they did so. Shortly thereafter, Officer Cox observed Defendant drive by him in the Kia Spectra, and he stopped Defendant for driving with a revoked license. While in the process of arresting Defendant for this offense, Officer Cox heard over his radio information leading him to realize that the 2003 Kia Spectra was the vehicle that had been stolen from Hardin's residence.

Upon being informed that the Spectra was a stolen vehicle, Officer Cox asked Defendant where he got the car. In response, Defendant stated that "[a] David Wilson gave him the car." Officer Cox then asked Defendant to provide him with additional information about David Wilson, and Defendant replied that "[h]e's just a black guy[.]"

On 8 October 2012, Defendant was charged with (1) possession of a stolen motor vehicle in violation of N.C. Gen. Stat § 20-106; and (2) driving while his license was revoked. A jury trial was held in Randolph County Superior Court on 7 July 2014 before the Honorable V. Bradford Long.

On 9 July 2014, the jury found Defendant guilty of both charges. Defendant was sentenced to 20-33 months imprisonment. Defendant gave oral notice of appeal in open court.

**Analysis**

As an initial matter, we note that Defendant did not object at trial to the admission of the evidence he now challenges on appeal. We therefore review his arguments only for plain error. *See* N.C.R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error."); *see also State v. Lawrence*, 365 N.C.

506, 518, 723 S.E.2d 326, 334 (2012) (plain error standard of review applies on appeal to unpreserved instructional or evidentiary error).

Under the plain error standard of review, a defendant "must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice — that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (internal citations and quotation marks omitted). Moreover, "because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal citations, quotation marks, and brackets omitted).

## I. Testimony that Glovinia Street was a High Crime Area

Defendant first contends that the trial court erred in admitting Officer Cox's testimony that the neighborhood where he initially located Defendant and the Spectra was a "high crime area," on the grounds that this testimony was (1) inadmissible hearsay; and (2) admitted in violation of Rule 404(b). We disagree.

### A. Hearsay Evidence

"Rule 801(c) of the North Carolina Rules of Evidence defines 'hearsay' as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *State v.*

*Cousin*, __ N.C. App. __, __, 757 S.E.2d 332, 337 (citation and quotation marks omitted), *disc. review denied*, 367 N.C. 521, 762 S.E.2d 446 (2014).

At trial, the State asked Officer Cox to explain to the jury his duties as a member of the APD's Street Crimes Unit ("the Unit") in 2012. Officer Cox explained that the Unit was assigned to deal with criminal complaints arising out of specific areas in Asheboro and that on 9 June 2012, the Unit was operating in an area that included Glovinia Street, where Defendant was seen standing next to the Spectra:

> We were concerned with -- with Glovinia Street, in that area. There -- due to the high crime that we were experiencing in that general area, there is what we -- that -- we have a place that is commonly known as Red's Place. It is a house that alcohol is sold out of, illegally without a license. Also, it was commonly known to us that there's drug dealers that would hang out in that area and also users would come -- either be walking to that area or they'd come up in cars. And we were really concerned with that because we were receiving a lot of complaints from the folks that lived in that area; plus, you know, we saw what was going on and we were tasked by our -- by our chain of command to come up with a solution to try to curb the activity that was going on there.

Defendant asserts that Officer Cox's characterization of the area surrounding Glovinia Street as a "high crime" area about which the police had been "receiving a lot of complaints from the folks that lived in that area" constitutes impermissible hearsay evidence regarding the reputation of the neighborhood. Defendant is correct, as a general proposition, that "in a criminal prosecution evidence of the reputation of a place or neighborhood is ordinarily inadmissible hearsay." *State v. Weldon*, 314

N.C. 401, 408, 333 S.E.2d 701, 705 (1985). However, this rule does not apply when the crimes for which a defendant is accused do not align with the reputation of the neighborhood. *State v. Ligon*, 332 N.C. 224, 235-36, 420 S.E.2d 136, 142-43 (1992). Where a defendant is not charged with a crime that corresponds to an area's reputation and the evidence is used to describe the setting of the crime, it is not inadmissible hearsay. *See id.* ("In the instant case, defendant was not charged with any drug offense; he was charged with first-degree murder and discharging a firearm into occupied property. Testimony concerning the reputation of the neighborhood was offered, not because it proved that defendant was guilty of selling drugs, but because it explained why the victim went there in the first place, and why defendant was at the scene. This testimony merely set the scene. On the facts of this case, we hold that the trial court did not err by admitting the disputed evidence.").

Here, the evidence to which Defendant objects on appeal established that the neighborhood surrounding Glovinia Street was known as a high crime area due to the illegal sale of alcohol and illicit drugs in its vicinity. However, Defendant was not charged with an offense related to drugs or alcohol. Furthermore, Officer Cox's testimony merely served to "set the scene" for the jury by explaining how he came to be in a position to observe Defendant in the first place and was not offered for the truth of the matter asserted. Consequently, Officer Cox's testimony did not constitute inadmissible hearsay evidence. *Id.*; *see also State v. Wiggins*, 185 N.C. App. 376, 383-

84, 648 S.E.2d 865, 871 (holding that trial court did not err by allowing law enforcement officer to testify about statements made to him by informant because statements were not offered for their truth, but rather to explain how investigation unfolded, why defendants were under surveillance at particular location, and why officer followed defendants' vehicle), *disc. review denied*, 361 N.C. 703, 653 S.E.2d 160-61 (2007). Therefore, based on the facts of the present case, we hold the trial court did not err — much less commit plain error — by admitting the challenged testimony that the neighborhood in which Defendant was located was a high crime area.

**B. North Carolina Rule of Evidence 404(b)**

Defendant next argues that Officer Cox's characterization of the neighborhood where Defendant was discovered as a place where illegal alcohol and illicit drugs were sold constitutes improper Rule 404(b) evidence of other crimes. Rule 404(b) states, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C.R. Evid. 404(b). Rule 404(b) has been defined as

> a clear general rule of inclusion of relevant evidence of
> other crimes, wrongs or acts by a defendant, subject to but
> one exception requiring its exclusion if its only probative
> value is to show that the defendant has the propensity or

> disposition to commit an offense of the nature of the crime
> charged.

*State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis omitted).

Here, Rule 404(b) does not apply. Officer Cox never attributed the neighborhood's reputation to Defendant, and the State offered no evidence that would tend to suggest that Defendant had previously illegally sold alcohol or been involved in the sale or use of illicit drugs. Indeed, Officer Cox's testimony did not involve any prior crimes or acts committed by Defendant at all. Rather, as noted above, this testimony was offered to show why Officer Cox was patrolling the neighborhood in the first place. Thus, Rule 404(b) did not bar the admission of this evidence.

## II. Testimony Concerning Search of Law Enforcement Databases

Defendant next argues that Officer Cox's statements that he searched two "databases" and that neither had a record of any person by the name of David Wilson in the Asheboro area constituted inadmissible hearsay evidence. We hold that even assuming, without deciding, that these statements regarding the contents of the databases should have been excluded, Defendant has failed to demonstrate plain error.

Defendant was charged with possession of a stolen vehicle pursuant to N.C. Gen. Stat. § 20-106. Therefore, the State only needed to prove that Defendant possessed a stolen car that he "knew or had reason to know . . . was stolen." *State v. Suitt*, 94 N.C. App. 571, 573, 380 S.E.2d 570, 571 (1989). Defendant's possession of a

stolen car is uncontroverted. Furthermore, his possession of the Spectra shortly after it had been reported stolen raises a presumption that he knew it was stolen under the doctrine of recent possession. *See State v. Hargett*, 148 N.C. App. 688, 691-92, 559 S.E.2d 282, 285 ("The doctrine of recent possession raises what has been called a presumption, but more accurately raises a permissible inference that the possessor is the thief and the inference derived from recent possession is to be considered by the jury merely as an evidentiary fact along with other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. For the doctrine to apply, the State must prove: (1) the property was stolen, (2) defendant had possession of the property, subject to his control and disposition to the exclusion of others, and (3) the possession was sufficiently recent after the property was stolen." (internal citations, quotation marks, and brackets omitted)), *disc. review improvidently allowed*, 356 N.C. 423, 571 S.E.2d 583 (2002).

In the present case, Defendant told Officer Cox that he was given the car by a man named David Wilson, and, in response to further questioning by Officer Cox, Defendant could only describe this person as "just a black guy[.]" While "[t]he inference which arises from the possession of recently stolen goods may be overcome by the presentation of a reasonable explanation for the possession of the goods[,]" *see State v. Earley*, 38 N.C. App. 361, 363, 247 S.E.2d 796, 797 (1978), Defendant failed

to provide any further description of David Wilson aside from his race, could not provide information regarding his whereabouts, and did not explain how Defendant knew him or came into contact with him.

In light of the evidence presented by the State and the implausible explanation offered by Defendant as to how he came to be in possession of the stolen vehicle just hours after its theft, we cannot say that the admission of Officer Cox's testimony regarding the results of the database searches constituted fundamental error such that its admission had a probable impact on the jury's verdict. *See Lawrence*, 365 N.C. at 517, 723 S.E.2d at 334 ("In determining whether an error was prejudicial, our courts have examined the entire record to determine if the error had a *probable* impact on the jury's finding of guilt." (citation, quotation marks, brackets, and ellipses omitted)). Defendant's argument on this issue is therefore overruled.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from prejudicial error.

NO PREJUDICIAL ERROR.

Judges STROUD and INMAN concur.

Report per Rule 30(e).